Stephen Don GARNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 53577.

Court of Criminal Appeals of Texas.

Jan. 12, 1977.

Victor R. Blaine, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis M. Bell and Hogan Stripling, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

This appeal is from an order revoking probation. On October 4, 1971, appellant was convicted of burglary with intent to commit theft. Punishment was assessed at four years, probated. Condition (a) of the order of probation was that he commit no offense against the laws of this or any other State or of the United States.

On March 27, 1975 the State filed a motion to revoke probation. An amended motion was filed August 29, 1975, which added to the violations previously alleged the following allegation:

"It is further alleged that on or about December 16, 1974, the defendant committed the offense of theft in Harris County, Texas. He stands indicted with this offense in the 174th Criminal District Court in Cause No. 223,979."

On October 29, 1975, appellant by his counsel filed the following exception to the amended motion:

"Defendant excepts to such motion wherein it alleges that the defendant committed the offense of theft for the reason it does not apprise the defendant of sufficient facts to enable him to prepare a defense thereto."

The record reflects that the cause came for hearing on the motion to revoke probation on October 29, 1975, and the State and defendant "announced ready for the hearing before the court; and all preliminary matters having been disposed of, the following proceedings were had, to-wit . . ."

The State then read the motion to appellant, and the following proceedings were had:

"Sir, to this application, the amended motion to revoke probation, how do you plead, true or not true?

"THE DEFENDANT: Not true.

"MR. BLAINE (attorney for defendant): The defendant files his exception to this, particularly that portion where he committed the offense of theft. It is just a blank statement and doesn't apprise us of the allegations in order to prepare any defense.

"THE COURT: That is overruled.

"MR. BLAINE: He pleads not true."

Evidence was then introduced, after which the court found that:

". . . the defendant did on or about the 16th day of December, 1974, commit the offense of theft in Harris County, Texas, as alleged in the indictment for that offense that was filed in the 174th Criminal District Court of Harris County, Texas, in Cause No. 223,979."

Limiting his finding of violation to the theft charge, the court revoked probation.

In his first ground, appellant contends the court abused its discretion in overruling his exception to the State's amended motion to revoke.

While the allegations in a motion to revoke probation do not require the same particularity of an indictment or information, in all fairness the allegations as to violation of probation should be fully and clearly set forth in the revocation motion, so that the defendant and his counsel might be informed as to that upon which he will be called to defend. *Tamez v. State*, Tex. Cr.App., 534 S.W.2d 686; *Graham v. State*, Tex.Cr.App., 502 S.W.2d 809; *Kuenstler v. State*, Tex.Cr.App., 486 S.W.2d 367; *Burkett v. State*, Tex.Cr.App., 485 S.W.2d 578; *Campbell v. State*, Tex.Cr.App., 456 S.W.2d 918. When the allegations in the motion fail to fully inform the probationer, and the trial court refused to sustain an exception timely filed, the probationer is denied the rudiments of due process. *Tamez v. State*, supra; *Graham v. State*, supra; *Kuenstler v. State*, supra.

In the instant case the record reflects that although appellant stated "not true" when the court called for his plea, his counsel immediately, and before any further action was taken in the hearing, presented his exception to the court, and the court overruled it. The general allegation that appellant on or about [1] December 16, 1974 committed the offense of theft in Harris County, without further identification of the offense alleged to have been committed, did not give appellant or his counsel sufficient notice of the offense on which the State relied for revocation. *Tamez v. State*, supra; *Graham v. State*, supra; *Campbell v. State*, supra. The addition of the reference to the indictment in Cause No. 223,979 in the 174th Criminal District Court [2] was not sufficient notice of the offense relied on by the State in view of appellant's exception. The accused was entitled to have the motion to revoke set forth in clear language the violation of the order of probation relied on for revocation. The failure of the motion to make such allegation was timely called to the trial court's attention. The court erred in overruling

1. The term "on or about" includes any date prior to the presentment of the indictment within the period of limitation. *Brown v. State*, Tex.Cr.App., 475 S.W.2d 938, 956.

2. The proceedings in the instant case were in the 176th District Court of Harris County.

appellant's exception to the motion to revoke.

The judgment is reversed, and the cause is remanded.

Opinion approved by the Court.

DOUGLAS and ODOM, JJ., dissent.