Stone 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00234-CR







Jade Stone, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT 


NO. 0936425, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







 Appellant Jade Stone appeals from an order revoking his probation. He claims that
the State's motion to revoke probation was too vague to give notice of the allegations against him
and that the trial court, therefore, erred in failing to grant his timely motion to quash it. Appellant
also alleges that the trial court abused its discretion by revoking appellant's probation when the
evidence was insufficient to support the allegations in the motion to revoke. Because appellant
suffered no harm from the inadequate notice and because we find no abuse of discretion, we will
affirm the order revoking probation.

 Appellant pled guilty to robbery on June 15, 1994, and received a ten-year
suspended sentence; judgment was entered placing appellant on community supervision for ten
years. See Tex. Code Crim. Proc. Ann. art. 42.12, § 3 (West Supp. 1996). One of the terms of
the supervision was that he remain in the substance abuse felony punishment facility (SAFPF)
until discharged by the court but for no more than one year and that he comply with all facility
rules, regulations and treatment programs.

 Appellant began a nine-month program at the SAFPF on November 3, 1994 and
remained there for two months before being discharged by the facility. This discharge led the
State to file a motion to revoke appellant's probation, alleging only that appellant "failed to
successfully complete the [SAFPF] program." Appellant filed a motion to quash on the grounds
that the motion to revoke was too vague to give notice, as required by due process, of the
allegations against him because it failed to allege which rules he had violated. Appellant argued
that without more specific notice he could not prepare a defense to the State's allegations.

 The motion to quash was considered on February 17, 1995, the first day of the
revocation hearing. The motion was denied and the court proceeded with the hearing. After Mr.
Gerst, a counselor at the SAFPF and the State's only witness, testified regarding appellant's
participation in the program, the hearing was continued for ten days so that appellant could
procure his medical records to be used as part of his defense. The hearing continued on February
27 and then was recessed for nine more days so that another defense witness could testify. The
hearing concluded on March 8 with the judge ordering that probation be revoked and that
appellant serve the original ten-year sentence, minus time served.

 We will first consider appellant's claim that the trial court erred in not granting the
motion to quash or, alternatively, ordering the State to amend its motion to revoke probation.

 The State alleges that appellant cannot complain of inadequate notice because his
motion to quash was not timely filed. The transcript shows that appellant's motion was filed
February 17, the day of the revocation hearing. The certificate of service, however, indicates that
the State was served with the motion on February 15, and the date stamp on the motion is
illegible. The State contends that if the motion was not filed until the 17th it was untimely and
properly overruled.

 The law does not support the State's assertion. When a motion to quash is raised
in time for the State to amend its motion to revoke, it is timely. Burkett v. State, 485 S.W.2d
578, 580 (Tex. Crim. App. 1972). Even when a revocation proceeding has begun and the
probationer has answered not true to the motion to revoke, the attorney's immediate objection on
the grounds of insufficient notice constitutes a timely motion to quash. Garner v. State, 545
S.W.2d 178, 179 (Tex. Crim. App. 1977). It is clear from the statement of facts that appellant's
motion was filed and ruled on before the revocation hearing was underway. Therefore, the
motion to quash was timely and we will consider appellant's claim.

 Due process requirements apply to probation revocation hearings. Campbell v.
State, 456 S.W.2d 918, 921 (Tex. Crim. App. 1970). It is a denial of due process to overrule a
timely motion to quash a motion to revoke probation that does not fully inform a probationer
which terms of probation were allegedly violated. Garner, 545 S.W.2d at 179. In order to fully
inform a probationer of its allegations, the State must do more in its motion to revoke than cite
certain conditions of probation and allege generally that the probationer did not fulfill them. See,
e.g., Labelle v. State, 720 S.W.2d 101, 106 (Tex. Crim. App. 1986) (observing that reference
to removing and destroying a "government record" without more is not "an inadequate description
but rather no description" and not enough for appellant to prepare a defense); Graham v. State,
502 S.W.2d 809, 811 (Tex. Crim. App. 1973) (ruling that the motion to revoke was "clearly
defective" due to a lack of dates and details of the alleged violations); Burkett, 485 S.W.2d at 580
(concluding that providing the dates of the alleged violations and which probation conditions were
violated was still insufficient to provide fair notice).

 The fundamental fairness doctrine requires that one who is subject to punishment
for a violation receive adequate notice of the charges. Labelle, 720 S.W.2d at 108. The Labelle
court ruled that in a revocation context, when a motion to quash based on inadequate notice is
overruled, the reviewing court shall apply a three-part test to determine if reversible error has
been committed. Id. at 106, 108 (expanding the application of the test developed in Adams v.
State, 707 S.W.2d 900, 903 (Tex. Crim. App. 1986), for reviewing challenges to indictments and
informations). This test requires the court to first determine if the motion to revoke lacked the
required elements of notice. If so, the court must decide whether the lack of notice had an impact
on the probationer's ability to prepare a defense and how great the impact was. Id. at 108.

 In light of the rulings cited above, it is clear that the State's simple allegation that
appellant "failed to successfully complete the [SAFPF] program" provided nothing more than a
bald assertion that he violated a condition of probation. See Burkett, 485 S.W.2d at 579. In fact,
the prosecutor told the court that he had given appellant the names and numbers of officials at the
SAFPF so that appellant could "find out what the . . . probationer failed to do." This indicates
that the State realized that these allegations were not stated in the revocation motion.

 We next ask whether this lack of notice had an impact on appellant's ability to
prepare a defense. Prior to the revocation hearing, appellant's inability to find out what particular
rules he allegedly violated inhibited useful investigation or preparation of a defense. See Graham,
502 S.W.2d at 811. The court did grant appellant a ten-day continuance after the first day of the
hearing, however, to allow him to obtain his medical records from the SAFPF. This continuance
had the additional benefit of giving appellant ten days to prepare a defense after hearing all of Mr.
Gerst's testimony detailing appellant's infractions. Appellant knew that Mr. Gerst was the State's
only witness and therefore knew all of the rules appellant was charged with violating. Ten days
is ample time to prepare a defense; indeed, the Texas Code of Criminal Procedure allows the State
to amend a motion to revoke up to seven days before a hearing. Tex. Code Crim. Proc. Ann. art.
42.12, § 21(b) (West Supp. 1996).

 We therefore hold that while the court's failure to grant appellant's timely motion
to quash was error, it was harmless error due to the ten-day continuance. We overrule appellant's
first point of error.

 Appellant next asserts that the trial court abused its discretion in revoking his
probation because the evidence was insufficient to show he had violated the terms of probation. 
Appellate review is limited to examining the revocation for an abuse of discretion. Ansborne v.
State, 499 S.W.2d 179, 180 (Tex. Crim. App. 1973). The State need only prove a violation by
a preponderance of the evidence, Anderson v. State, 621 S.W.2d 805, 808 (Tex. Crim. App.
1981), and proof of any one violation is enough to revoke probation, Moses v. State, 590 S.W.2d
469, 470 (Tex. Crim. App. 1979).

 Appellant did not complete the substance abuse program, staying only two months
before he was asked to leave for failure to abide by the facility's rules and regulations. Gerst
testified that in his first month appellant had a "fair to positive" attitude and completed an
appropriate number of hours of treatment. But his behavior and attitude deteriorated in the second
month of the program, making him a bad candidate for treatment. Appellant attributed his
behavioral changes to headaches induced by cigarette smoke from smoking inmates and concern
for the health of his elderly father. He was segregated from the smokers to alleviate his medical
complaints and Gerst testified that while segregated, his spirits did improve. Gerst's testimony
also revealed, however, that appellant's general resistance to the program's requirements made
progress unlikely. As an example of appellant's bad attitude, Gerst testified that appellant broke
the chain of command by inappropriately contacting certain individuals in the institution.

 Appellant explained that this infraction was motivated by his desire to telephone
his ailing father following surgery. Gerst further testified that appellant's participation in the
counseling program was not sincere and that an unwillingness to accept criticism impeded his
ability to change his behavior.

 It was the judge's determination that appellant did not follow the rules and
regulations necessary to successfully complete the substance abuse program. In a revocation
proceeding, the trial court is the sole judge of the credibility of witnesses and the weight to be
given to their testimony. Figgins v. State, 528 S.W.2d 261, 263 (Tex. Crim. App. 1975). 
Gerst's testimony provided a reasonable basis for the judge to conclude that appellant violated one
of the terms of his probation, which was to enter the SAFPF and follow all rules and regulations. 
Therefore, we cannot dispute the judge's determination that revocation was appropriate. We
overrule appellant's second point of error.

 We affirm the trial court's order revoking appellant's probation.





 

 Bea Ann Smith, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: February 21, 1996

Do Not Publish



is lack of notice had an impact on appellant's ability to
prepare a defense. Prior to the revocation hearing, appellant's inability to find out what particular
rules he allegedly violated inhibited useful investigation or preparation of a defense. See Graham,
502 S.W.2d at 811. The court did grant appellant a ten-day continuance after the first day of the
hearing, however, to allow him to obtain his medical records from the SAFPF. This continuance
had the additional benefit of giving appellant ten days to prepare a defense after hearing all of Mr.
Gerst's testimony detailing appellant's infractions. Appellant knew that Mr. Gerst was the State's
only witness and therefore knew all of the rules appellant was charged with violating. Ten days
is ample time to prepare a defense; indeed, the Texas Code of Criminal Procedure allows the State
to amend a motion to revoke up to seven days before a hearing. Tex. Code Crim. Proc. Ann. art.
42.12, § 21(b) (West Supp. 1996).

 We therefore hold that while the court's failure to grant appellant's timely motion