In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00137-CR


______________________________




BETTY LABELLE BUSHONG, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 29023-B




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Betty Labelle Bushong appeals the revocation of her community supervision. She pled guilty
to possession of cocaine in an amount greater than or equal to one gram but less than four grams. 
The trial court sentenced her to ten years' imprisonment, but suspended the imposition of her
sentence and placed her on five years' community supervision.

 The State later moved to have the trial court revoke Bushong's community supervision,
alleging she committed two violations of its terms. Bushong stipulated to the State's evidence and
pled true to its allegations. The trial court found the allegations true, revoked Bushong's community
supervision, and sentenced her to seven years' imprisonment.

 On appeal, Bushong contends the trial court abused its discretion in revoking her community
supervision instead of adding a condition that she undergo substance abuse treatment. She also
contends the trial court erred in revoking her community supervision because there was a fatal
variance between the terms of her community supervision and the State's motion to revoke.

 The decision whether to continue or revoke community supervision is within the trial court's
discretion. Wester v. State, 542 S.W.2d 403, 405 (Tex. Crim. App. 1976); Allen v. State, 946 S.W.2d
115, 116 (Tex. App.-Texarkana 1997, no pet.). We review the trial court's ruling for abuse of
discretion. See Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983); Lopez v. State, 46
S.W.3d 476, 482 (Tex. App.-Fort Worth 2001, pet. ref'd).

 The trial court cannot revoke community supervision without a showing the defendant
violated a condition of his or her supervision. DeGay v. State, 741 S.W.2d 445, 449 (Tex. Crim.
App. 1987); Allen, 946 S.W.2d at 116. When there is sufficient evidence to support a finding the
defendant violated a condition of his or her supervision, the trial court does not abuse its discretion
by revoking community supervision. See Cardona v. State, 665 S.W.2d 492, 493-94 (Tex. Crim.
App. 1984); Stevens v. State, 900 S.W.2d 348, 351 (Tex. App.-Texarkana 1995, pet. ref'd).

 The defendant's plea of true, standing alone, is sufficient to support a revocation order. Cole
v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); Jiminez v. State, 552 S.W.2d 469, 472 (Tex.
Crim. App. 1977); Guajardo v. State, 24 S.W.3d 423, 427 (Tex. App.-Corpus Christi 2000, pet.
granted). Proof of a single violation is sufficient to support revocation of community supervision. 
O'Neal v. State, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981); Myers v. State, 780 S.W.2d 441, 445
(Tex. App.-Texarkana 1989, pet. ref'd).

 Bushong first contends the trial court should have continued her on community supervision
with the added term that she undergo substance abuse treatment. After a hearing finding a violation
of community supervision, the trial court may continue or modify community supervision and
impose a condition that the defendant be placed in a substance abuse felony punishment program. 
Tex. Code Crim. Proc. Ann. art. 42.12, § 22(a)(4) (Vernon Supp. 2003). For that option to be
available, however, the defendant must not have been convicted of certain felonies (not relevant
here), and the trial court must make an affirmative finding that (1) drug or alcohol abuse contributed
significantly to the commission of the offense or the violation of community supervision, and (2) the
defendant is a suitable candidate for treatment. Id. We see no such finding of the trial court.

 The record shows Bushong was placed on community supervision February 27, 2002. As
part of her community supervision, she was required to submit to an alcohol and drug evaluation
within sixty days and submit to any treatment recommendations stemming from that evaluation. In
her testimony at the revocation hearing, she admitted using cocaine and drinking alcohol April 19,
2002. 

 On April 20, 2002, Bushong, who was spending weekends in jail as a condition of her
community supervision, appeared at the jail intoxicated and registered a high reading on a
breathalyzer   test  administered  there.  Bushong  reportedly  told  jail  officials  she  had  two  beers
at 6:00 a.m.  and  took  two  "Tylenol  PM"  at  8:00  a.m.  The  jail's  report  on  the  incident was
prepared at 8:40 a.m. 

 On April 22, 2002, Bushong's supervision officer administered a drug screening at which
Bushong tested positive for cocaine and methamphetamine. When her supervision officer asked her
whether she admitted using these substances, Bushong reportedly replied she "might have been
around it." 

 Bushong pled true to the State's allegations that she drank alcohol and used cocaine,
stipulated to the State's evidence, and testified that she drank alcohol and used cocaine. This
violation is, in and of itself, sufficient to support the trial court's decision to revoke community
supervision. See Cardona, 665 S.W.2d at 493-94; Stevens, 900 S.W.2d at 351.

 Further, the record shows Bushong used alcohol and drugs less than two months after being
placed on community supervision. The trial court inquired at length into Bushong's suitability for
drug and alcohol treatment and, in particular, her failure to admit to her supervision officer that she
used cocaine. The trial court could have reasonably concluded that Bushong was not a suitable
candidate for drug and alcohol treatment. Under these circumstances, the trial court did not abuse
its discretion in revoking her community supervision.

 Bushong next contends the trial court erred in revoking her community supervision because
there was a variance between the terms of her community supervision and the State's motion to
revoke. The judgment placing Bushong on community supervision recites she was sentenced to ten
years' imprisonment, "probated five (5) years." The motion to revoke recites that Bushong "was
assessed punishment of five (5) years confinement . . . [but] placed . . . on probation for a period of
five (5) years." (1)


 Allegations in a motion to revoke community supervision need not be stated with the same
particularity required in an information or indictment. LaBelle v. State, 720 S.W.2d 101, 104 (Tex.
Crim. App. 1986); Garner v. State, 545 S.W.2d 178, 179 (Tex. Crim. App. 1977). The alleged
violations must be fully and clearly set forth in such a way that the defendant will be informed of that
against which he or she will have to defend. LaBelle, 720 S.W.2d at 104; Garner, 545 S.W.2d at
179. The motion must give the defendant fair notice of the violation in order to comport with
minimum due process requirements. LaBelle, 720 S.W.2d at 104; Garner, 545 S.W.2d at 179. 
When the allegations fail to fully inform the defendant, and the trial court overrules the defendant's
timely objection, the defendant is denied due process. LaBelle, 720 S.W.2d at 104-05; Garner, 545
S.W.2d at 179.

 We fail to see how the variance between the judgment and the motion to revoke was either
material or prejudicial to Bushong's rights. The motion to revoke alleged that Bushong was required
to abstain from alcohol and illegal drugs, but that she failed to do so. These are the allegations
against which she was called on to defend and to which she ultimately pled true.

 Nor did Bushong object to this variance at the hearing on the motion to revoke. She has
therefore waived her complaint on appeal. Tex. R. App. P. 33.1(a).

 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: February 3, 2003

Date Decided: February 4, 2003


Do Not Publish
1. Bushong further contends the trial court's oral pronouncement at her trial was at variance
with and should control over the written judgment. That issue is untimely, as Bushong did not bring
an appeal from the original judgment placing her on community supervision. Also, the record from
Bushong's trial shows the trial court's oral pronouncement is consistent with its written judgment. 
After finding Bushong guilty, the trial court asked for recommendations as to her punishment. The
State recommended that she be sentenced to ten years' imprisonment, but that she be placed on ten
years' community supervision. Bushong concurred in that recommendation. The trial court then
said:

 

 I assess your punishment at confinement in the Institutional Division of the Texas
Department of Criminal Justice. I don't know why the recommendation is that it be
for a period of ten years. It seems a little long given the nature of the offense and the
prior criminal history presented to the Court. I've heard nothing in the way of the
evidence to compel me - lead me to a conclusion that a ten year probation is
appropriate, so I decline to do it for that length of time. I probate it for a period of
five years.


 Read in context, the trial court clearly did not make a pronouncement regarding the length of
Bushong's prison sentence. That deficiency was remedied in the written judgment. The trial court's
comments relating to the State's and Bushong's recommendations clearly took issue with the length
of the supervision period, rather than the length of the prison term.