In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00226-CR


______________________________




DAVID WAYNE ROSSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 102nd Judicial District Court


Red River County, Texas


Trial Court No. CR00881




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 David Wayne Rosson appeals from the order placing him on deferred adjudication for the
offense of indecency with a child. We dismiss Rosson's appeal for want of jurisdiction.

 The trial court filed a certification, in accordance with Rule 25.2(a)(2), that Rosson "waived
the right of appeal." Rule 25.2(a)(2) states, in pertinent part: 

 (2) . . . A defendant in a criminal case has the right of appeal under Code of
Criminal Procedure article 44.02 and these rules. The trial court shall enter a
certification of the defendant's right of appeal in every case in which it enters a
judgment of guilt or other appealable order.

Tex. R. App. P. 25.2(a)(2). If a certification showing that the defendant has the right of appeal is not
made a part of the appellate record, we must dismiss the case unless the record affirmatively
indicates that an appellant may have the right of appeal. Tex. R. App. P. 25.2(d); see Greenwell v.
Court of Appeals for Thirteenth Judicial Dist., 159 S.W.3d 645, 649 (Tex. Crim. App. 2005); Dears
v. State, 154 S.W.3d 610, 612 (Tex. Crim. App. 2005). We have examined the clerk's record to
determine whether the trial court's certification is defective. See Dears, 154 S.W.3d at 613. Nothing
in the record indicates the certification is defective. This Court lacks jurisdiction over this appeal. (1) 

 We dismiss the appeal for want of jurisdiction.


 Bailey C. Moseley

 Justice


Date Submitted: January 29, 2007

Date Decided: January 30, 2007


Do Not Publish

1. The plea agreement in this case demonstrates that Rosson's waiver of appeal was done
knowingly, voluntarily, and intelligently. See Ex parte Delaney, 207 S.W.3d 794 (Tex. Crim. App.
2006) ("One way to indicate that the waiver was knowing and intelligent is for the actual punishment
or maximum punishment to have been determined by a plea agreement when the waiver was
made.").


no such finding of the trial court.

 The record shows Bushong was placed on community supervision February 27, 2002. As
part of her community supervision, she was required to submit to an alcohol and drug evaluation
within sixty days and submit to any treatment recommendations stemming from that evaluation. In
her testimony at the revocation hearing, she admitted using cocaine and drinking alcohol April 19,
2002. 

 On April 20, 2002, Bushong, who was spending weekends in jail as a condition of her
community supervision, appeared at the jail intoxicated and registered a high reading on a
breathalyzer   test  administered  there.  Bushong  reportedly  told  jail  officials  she  had  two  beers
at 6:00 a.m.  and  took  two  "Tylenol  PM"  at  8:00  a.m.  The  jail's  report  on  the  incident was
prepared at 8:40 a.m. 

 On April 22, 2002, Bushong's supervision officer administered a drug screening at which
Bushong tested positive for cocaine and methamphetamine. When her supervision officer asked her
whether she admitted using these substances, Bushong reportedly replied she "might have been
around it." 

 Bushong pled true to the State's allegations that she drank alcohol and used cocaine,
stipulated to the State's evidence, and testified that she drank alcohol and used cocaine. This
violation is, in and of itself, sufficient to support the trial court's decision to revoke community
supervision. See Cardona, 665 S.W.2d at 493-94; Stevens, 900 S.W.2d at 351.

 Further, the record shows Bushong used alcohol and drugs less than two months after being
placed on community supervision. The trial court inquired at length into Bushong's suitability for
drug and alcohol treatment and, in particular, her failure to admit to her supervision officer that she
used cocaine. The trial court could have reasonably concluded that Bushong was not a suitable
candidate for drug and alcohol treatment. Under these circumstances, the trial court did not abuse
its discretion in revoking her community supervision.

 Bushong next contends the trial court erred in revoking her community supervision because
there was a variance between the terms of her community supervision and the State's motion to
revoke. The judgment placing Bushong on community supervision recites she was sentenced to ten
years' imprisonment, "probated five (5) years." The motion to revoke recites that Bushong "was
assessed punishment of five (5) years confinement . . . [but] placed . . . on probation for a period of
five (5) years." (1)


 Allegations in a motion to revoke community supervision need not be stated with the same
particularity required in an information or indictment. LaBelle v. State, 720 S.W.2d 101, 104 (Tex.
Crim. App. 1986); Garner v. State, 545 S.W.2d 178, 179 (Tex. Crim. App. 1977). The alleged
violations must be fully and clearly set forth in such a way that the defendant will be informed of that
against which he or she will have to defend. LaBelle, 720 S.W.2d at 104; Garner, 545 S.W.2d at
179. The motion must give the defendant fair notice of the violation in order to comport with
minimum due process requirements. LaBelle, 720 S.W.2d at 104; Garner, 545 S.W.2d at 179. 
When the allegations fail to fully inform the defendant, and the trial court overrules the defendant's
timely objection, the defendant is denied due process. LaBelle, 720 S.W.2d at 104-05; Garner, 545
S.W.2d at 179.

 We fail to see how the variance between the judgment and the motion to revoke was either
material or prejudicial to Bushong's rights. The motion to revoke alleged that Bushong was required
to abstain from alcohol and illegal drugs, but that she failed to do so. These are the allegations
against which she was called on to defend and to which she ultimately pled true.

 Nor did Bushong object to this variance at the hearing on the motion to revoke. She has
therefore waived her complaint on appeal. Tex. R. App. P. 33.1(a).

 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: February 3, 2003

Date Decided: February 4, 2003


Do Not Publish
1. Bushong further contends the trial court's oral pronouncement at her trial was at variance
with and should control over the written judgment. That issue is untimely, as Bushong did not bring
an appeal from the original judgment placing her on community supervision. Also, the record from
Bushong's trial shows the trial court's oral pronouncement is consistent with its written judgment. 
After finding Bushong guilty, the trial court asked for recommendations as to her punishment. The
State recommended that she be sentenced to ten years' imprisonment, but that she be placed on ten
years' community supervision. Bushong concurred in that recommendation. The trial court then
said:

 

 I assess your punishment at confinement in the Institutional Division of the Texas
Department of Criminal Justice. I don't know why the recommendation is that it be
for a period of ten years. It seems a little long given the nature of the offense and the
prior criminal history presented to the Court. I've heard nothing in the way of the
evidence to compel me - lead me to a conclusion that a ten year probation is
appropriate, so I decline to do it for that length of time. I probate it for a period of
five years.


 Read in context, the trial court clearly did not make a pronouncement regarding the length of
Bushong's prison sentence. That deficiency was remedied in the written judgment. The trial court's
comments relating to the State's and Bushong's recommendations clearly took issue with the length
of the supervision period, rather than the length of the prison term.