In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-00487-CR


NO. 09-07-00488-CR


____________________



HERMAN NEAL KIRKMAN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court 


Jefferson County, Texas


Trial Cause Nos. 99592, 98724






MEMORANDUM OPINION


 Appellant Herman Neal Kirkman (1) appeals from the trial court's orders revoking his
community supervision in two cases. Kirkman raises four issues for our consideration. We
affirm.

Background


 Pursuant to plea bargain agreements, appellant Herman Neal Kirkman pled guilty to
deadly conduct and evading arrest or detention using a vehicle. In each case, the trial court
found the evidence was sufficient to find Kirkman guilty, but deferred further proceedings,
placed Kirkman on community supervision for two years, and assessed a fine of $500. 
Condition number ten of each deferred adjudication order provided as follows: "Do not use
or possess any drug, except under the order of your doctor." 

 The State subsequently filed a motion to revoke Kirkman's unadjudicated community
supervision in each case. In both cases, the State's motion to revoke alleged that Kirkman
violated condition 10 of the deferred adjudication order because he was arrested for
possession of a controlled substance in Jefferson County on June 8, 2007. At the hearing on
the motions to revoke, Kirkman pled "true" to being arrested for unlawful possession of a
controlled substance. However, he denied being in unlawful possession of a controlled
substance. The State introduced evidence from Officer Rector of the Beaumont Police
Department. Officer Rector testified that on June 7, 2007, he observed a traffic violation by
the driver of a vehicle in which Kirkman was a passenger, and he stopped the vehicle. As
Officer Rector was stopping the vehicle, Kirkman opened the passenger door and quickly got
out of the car, and Officer Rector instructed Kirkman to get back into the vehicle. Officer
Rector testified, "it was very suspicious to me that he wanted to get out of the car rather
quickly, and the driver did not do that." Kirkman got back into the vehicle, and as Officer
Rector approached the vehicle on the passenger side, Kirkman opened the glove
compartment, pulled out a sunglass case "as if it was . . . burning hot, [and] he tossed it over
towards the driver and it landed in the driver's lap." According to Officer Rector, the driver
immediately tossed the case back to Kirkman, and Kirkman "just immediately threw it into
the glove compartment and closed the glove compartment." 

 Officer Rector testified that he was fearful because the sunglass case was large enough
to contain a small revolver, so he attempted to recover the case to determine if it in fact
contained a weapon. When the suspects handed Officer Rector the case, he opened it and
saw that it contained "multiple small off-white . . . rocks." According to Officer Rector,
Kirkman was extremely nervous, especially when he and the driver were handling the box,
and Kirkman did not want to make eye contact with Officer Rector. Officer Rector believed
the material in the sunglass case was a controlled substance, so he arrested the two suspects
and took the sunglass case and its contents to the police station. The State also introduced
the testimony of Emily Esquivel, a forensic analyst at the Jefferson County Crime Lab.
Esquivel testified that she analyzed the substance and determined that it was 3.99 grams of
cocaine. 

 Kirkman testified that on June 7, 2007, he was a passenger in a car driven by
Desmond Jones. According to Kirkman, after Officer Rector signaled the vehicle to stop,
Jones told Kirkman "that he had drugs in the case[,]" and Kirkman put the case into the glove
compartment. Kirkman explained that prior to the stop, the case was sitting on the seat
between him and the driver, and he put the case in the glove box because the driver was
"trying to hide it." Kirkman also testified that he did not know the box contained drugs until
the driver told him so, and up to that point, he did not have possession, control, or custody
of the drugs. Kirkman testified that Officer Rector asked him and Jones whose drugs were
in the case, and both Kirkman and Jones denied possessing the drugs. 

 At the conclusion of the hearing on the motions to revoke, the trial court found the
evidence sufficient to find count one true, revoked Kirkman's unadjudicated probation in
both cases, and found Kirkman guilty of deadly conduct and evading arrest or detention by
using a vehicle. In the evading arrest case, the trial court assessed punishment at two years
of confinement in a state jail facility. In the deadly conduct case, the trial court assessed
punishment at ten years of confinement in the Institutional Division, and the trial court
ordered that the sentences would run consecutively. Kirkman then filed these appeals, in
which he raises the same issues in each case for our consideration. 

Issues One and Two


 In issues one and two, Kirkman contends the trial court abused its discretion by
revoking his community supervision on the basis of allegations that were not included in the
State's motion to revoke, thereby violating his rights under the Fifth and Fourteenth
Amendments of the U.S. Constitution, as well as article I, section 19 of the Texas
Constitution and Article 1.04 of the Texas Code of Criminal Procedure. Specifically,
Kirkman argues that the motion to revoke did not provide him fair notice because, although
the motion to revoke only alleged that he violated condition ten, the trial court found that he
violated condition one, which mandated that he not break the law of Texas or any other state. 
While the nunc pro tunc adjudication of guilt in the record contains a clerical error as it
references condition one, it is clear from the record that the State sought to revoke Kirkman's
probation only for violation of condition ten and the trial court found that he had violated
condition ten. We address these issues together.

 Kirkman did not present the arguments he raises in issues one and two to the trial
court. Instead, Kirkman's objected "it's not a violation of probation to be arrested because
there's no presumption of guilt or there's no evidence of guilt. Merely being arrested -
anybody can be arrested at any time[.]" From this record, we find Kirkman has failed to
preserve these issues for our review. See Tex. R. App. P. 33.1(a); Gordon v. State, 575
S.W.2d 529, 531 (Tex. Crim. App. 1978) (When appellant raises lack of adequate notice in
a motion to revoke, he must file a motion to quash to preserve error.); see also Wilson v.
State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (An issue on appeal must comport with
a proper trial objection.). 

 Even if Kirkman had properly preserved these issues, he has not demonstrated that the
motions to revoke failed to provide him with fair notice. In each case, the motions to revoke
alleged that he had violated condition ten, which prohibited him from possessing any drug
except under his doctor's orders, because he had been arrested for possession of a controlled
substance. The allegations in a motion to revoke community supervision do not require the
same particularity as those in an indictment or information; however, "in all fairness the
allegations as to violation of probation should be fully and clearly set forth in the revocation
motion, so that the defendant and his counsel might be informed as to that upon which he
will be called to defend." Garner v. State, 545 S.W.2d 178, 179 (Tex. Crim. App. 1977). 
We hold that the written motion to revoke gave Kirkman fair notice that the State intended
to prove he had possessed a controlled substance, which is a violation of Texas law. See id.;
see also generally Tex. Health & Safety Code Ann. § 481.115 (Vernon 2003). We
overrule issues one and two.

Issues Three and Four


 In his third and fourth issues, Kirkman contends the trial court violated his due
process and due course of law rights under the U.S. and Texas constitutions by finding that
the evidence was sufficient to revoke his community supervision. We address these issues
together. 

 In a revocation proceeding, the State must establish by a preponderance of the
evidence that the defendant violated the conditions of the supervision order. Cardona v.
State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). If the State meets its burden of proof,
it is within the trial court's discretion to revoke community supervision. Id. We review the
trial court's decision to revoke community supervision for an abuse of discretion. Jackson
v. State, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).

 "To prove unlawful possession of a controlled substance, the State must first prove
appellant exercised actual care, control and management over the contraband and second,
that appellant had knowledge the substance in his possession was contraband." Nixon v.
State, 928 S.W.2d 212, 215 (Tex. App.--Beaumont 1996, no pet.) (citing King v. State, 895
S.W.2d 701, 703 (Tex. Crim. App. 1995)). The State need not prove exclusive possession
of the contraband, since control over contraband may be jointly exercised by more than one
person. McGoldrick v. State, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985); State v. Derrow,
981 S.W.2d 776, 779 (Tex. App.--Houston [1st Dist.] 1998, pet. ref'd). However, "mere
presence at a place where contraband is being used or possessed by others does not justify
finding that a person is in joint possession or is a party to an offense." Roberson v. State, 80
S.W.3d 730, 735 (Tex. App.--Houston [1st Dist.] 2002, pet. ref'd).

 When an accused is not in exclusive possession of the location where contraband is
found, additional independent facts and circumstances may affirmatively link him to the
contraband. Nixon, 928 S.W.2d at 215. An affirmative link may be established through
either direct or circumstantial evidence, and it must show that the accused's connection to
the contraband was more than fortuitous. Poindexter v. State, 153 S.W.3d 402, 405-06 (Tex.
Crim. App. 2005). Factors which tend to establish affirmative links include: 

 (1) the contraband was in plain view;

 (2) the accused was the owner of the premises in which the contraband was
found;

 (3) the contraband was conveniently accessible to the accused;

 (4) the contraband was found in close proximity to the accused;

 (5) a strong residual odor of the contraband was present;

 (6) paraphernalia to use the contraband was in view or found near the accused;

 (7) the physical condition of the accused indicated recent consumption of
the contraband in question;

 (8) conduct by the accused indicated a consciousness of guilt;

 (9) the accused had a special connection to the contraband;

 (10) the place where the contraband was found was enclosed;

 (11) the occupants of the premises gave conflicting statements about
relevant matters; and

 (12) affirmative statements connect the accused to the contraband.


Nixon, 928 S.W.2d at 215. "It is . . . not the number of links that is dispositive, but rather the
logical force of all the evidence, direct and circumstantial." Evans v. State, 202 S.W.3d 158,
162 (Tex. Crim. App. 2006).

 In this case, Officer Rector testified that Kirkman initially fled the vehicle, which
Officer Rector viewed as suspicious. In addition, Kirkman pulled out the sunglass case from
the glove compartment and quickly tossed it toward the driver. Kirkman was on the
passenger side of the vehicle, and the sunglass case was in the glovebox, which would have
been easily accessible to Kirkman. In addition, Officer Rector testified that Kirkman was
nervous and did not want to make eye contact. We conclude that sufficient affirmative links
exist in this case. See Nixon, 928 S.W.2d at 215. The evidence is sufficient to support the
trial court's decision to revoke Kirkman's community supervision. Accordingly, we overrule
issues three and four. Having overruled all of Kirkman's issues on appeal, we affirm the trial
court's judgments.

 AFFIRMED.

 


 __________________________________

 CHARLES KREGER

 Justice


Submitted on July 29, 2008

Opinion Delivered February 4, 2009

Do not publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. On the judgment in each case, appellant's surname is spelled "Kirkmon."