**Opinion filed October 7, 2010**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-09-00230-CR & 11-09-00233-CR
_____

### TERRANCE SCOTT ANDERSON, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause Nos. CR28667 & CR28219**

## M E M O R A N D U M   O P I N I O N

Terrance Scott Anderson appeals two judgments revoking his community supervision. In each case, the trial court sentenced him to two years confinement in the Texas Department of Criminal Justice, State Jail Division, and assessed a fine of $1,500. We affirm.

*Background Facts*

In Cause No. 11-09-00230-CR, appellant was charged with felony criminal mischief by causing pecuniary loss to Richard Dewell in the amount of fifteen hundred dollars or more but less than twenty thousand dollars. In Cause No. 11-09-00233-CR, he was charged with felony criminal mischief by causing pecuniary loss to Andrea Leigh Glover in the amount of fifteen hundred dollars or more but less than twenty thousand dollars.

In the original disposition, appellant pleaded guilty to both charges and was placed on deferred adjudication community supervision for five years. The State later filed motions to adjudicate in both cases. In each case, the trial court adjudicated appellant guilty and sentenced him to two years confinement in the state jail facility. However, appellant's sentences were suspended; and again, he was placed on community supervision this time for two years in each case. The State filed motions to revoke appellant's community supervision in both cases. The motions alleged that appellant failed to complete the required 120 hours of community service that was a condition of his community supervision.

Appellant was also charged with the third degree felony of retaliation and sentenced to five years confinement in the Institutional Division of the Texas Department of Criminal Justice. His sentence was suspended, and he was placed on community supervision for five years. In the retaliation cause, the State filed a motion to revoke his community supervision alleging that appellant: (1) committed the offenses of assault family violence, criminal mischief, and terroristic threat; (2) consumed alcohol; (3) failed to avoid persons or places of disreputable or harmful character; and (4) failed to successfully complete the Springboard Program as ordered by the court.

The trial court heard all three motions to revoke in one hearing. Appellant pleaded not true to all of the allegations. The trial court found the allegations true and revoked appellant's community supervision.[1]

*Issue on Appeal*

In both cases, appellant asserts that he did not receive due process or fair notice of the allegations against him when the State presented violations not in the motion to revoke.

*Discussion*

We review the trial court's decision to revoke community supervision for an abuse of discretion and examine the record in a light most favorable to the trial court's judgment. *Moore v. State*, 11 S.W.3d 495, 498 (Tex. App.—Houston [14th Dist.] 2000, no pet.). To revoke community supervision, the State must prove by a preponderance of the evidence every element of at least one ground for revocation. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21 (Vernon Supp. 2010). A proceeding to revoke community supervision constitutionally requires the application of appropriate due process. *Gagnon v. Scarpelli*, 411 U.S. 778 (1973); *Bradley v.*

---

[1]Appellant appealed the trial court's judgment revoking his community supervision in the retaliation case. This court issued an opinion dismissing that appeal in *Anderson v. State*, No. 11-09-00234-CR, 2010 WL 669787 (Tex. App.—Eastland Feb. 25, 2010, no pet.) (mem. op., not designated for publication).

*State*, 564 S.W.2d 727 (Tex. Crim. App. 1978). Due process requires that a written motion to revoke fully inform a probationer of the violations of terms of community supervision that he is alleged to have breached. *Garner v. State*, 545 S.W.2d 178 (Tex. Crim. App. 1977). A motion to revoke does not require the same particularity as an indictment to afford a defendant due process. *Labelle v. State*, 720 S.W.2d 101 (Tex. Crim. App. 1986). Rather, the allegations in the motion to revoke must fully set forth the alleged violations of the community supervision so that the defendant might be informed of what he will be called to defend. *Garner*, 545 S.W.2d at 179. The trial court may only revoke community supervision based on the allegations of which the probationer has due notice, those which are contained in the written motion to revoke filed during the term of the probationary period. *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980).

Ramona M. Martin, a community supervision officer, testified that appellant failed to perform the required community service in both of the felony criminal mischief cases. Appellant does not challenge the allegations of failing to perform the required community service. He was provided fair notice of this allegation, and Martin's testimony is sufficient to revoke appellant's community supervision in both cases.

In his brief, appellant argues that he was not put on fair notice of the allegations presented by the testimony of Wendy Hogan, Emily Anderson, and Kim Lucas. Wendy Hogan, a Midland police officer, testified that she arrested appellant for criminal mischief and assault family violence. Officer Hogan testified that appellant resisted arrest and smelled of alcohol. Appellant objected to the testimony stating that he was not put on notice of the arrest or Officer Hogan's testimony. Officer Hogan's testimony detailed the events of the offense and the events leading up to the arrest.

Emily Anderson testified that she was the soon-to-be ex-wife of appellant. Anderson testified that one night appellant got very upset, picked up her son's toy vacuum cleaner, and broke it on the coffee table. She also said that appellant threw her flat screen television on the ground. Anderson testified that, when she tried to call 911, appellant grabbed the phone, broke it in half, and threw it at her. He then grabbed her hair, pinned her against the wall, and pressed his fist into her nose. The State offered photographs of the damaged property. Appellant objected to the admissibility of the photographs on the ground that he was not given fair notice of the allegations.

3

The State also presented the testimony of Kim Lucas, a community supervision employee. Lucas testified that she saw appellant drinking at a bar. She took a photograph of him holding an alcoholic beverage in his hand. Appellant did not object to her testimony.

The State did not present evidence of violations that were not alleged in the motions to revoke. The trial court heard all three motions to revoke in one hearing. At the commencement of the hearing, the trial court called all three cause numbers, and appellant announced ready. Appellant did not object to having the motions to revoke consolidated into one hearing. The allegations that appellant complains about in this appeal were listed and detailed in the third amended motion to revoke that was filed in the retaliation case. The State was allowed to present evidence of each allegation alleged in the motion to revoke. Appellant had fair notice of the allegations offered in evidence, and his due process rights were not violated. We overrule appellant's sole issue on appeal.

*Conclusion*

We affirm the trial court's judgments.


RICK STRANGE

JUSTICE


October 7, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4