Opinion filed October 7,
2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                    Nos. 11-09-00230-CR & 11-09-00233-CR

                                                    __________

 

                        TERRANCE
SCOTT ANDERSON, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 385th District Court

 

                                                          Midland
County, Texas

 

                                       Trial Court Cause
Nos. CR28667 & CR28219



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Terrance
Scott Anderson appeals two judgments revoking his community supervision.  In
each case, the trial court sentenced him to two years confinement in the Texas
Department of Criminal Justice, State Jail Division, and assessed a fine of
$1,500.  We affirm.

Background
Facts

            In
Cause No. 11-09-00230-CR, appellant was charged with felony criminal mischief by
causing pecuniary loss to Richard Dewell in the amount of fifteen hundred
dollars or more but less than twenty thousand dollars.  In Cause No.
11-09-00233-CR, he was charged with felony criminal mischief by causing pecuniary
loss to Andrea Leigh Glover in the amount of fifteen hundred dollars or more but
less than twenty thousand dollars.

            In
the original disposition, appellant pleaded guilty to both charges and was
placed on deferred adjudication community supervision for five years.  The
State later filed motions to adjudicate in both cases.  In each case, the trial
court adjudicated appellant guilty and sentenced him to two years confinement
in the state jail facility.  However, appellant’s sentences were suspended; and
again, he was placed on community supervision this time for two years in each
case.  The State filed motions to revoke appellant’s community supervision in
both cases.  The motions alleged that appellant failed to complete the required
120 hours of community service that was a condition of his community
supervision.

            Appellant was also
charged with the third degree felony of retaliation and sentenced to five years
confinement in the Institutional Division of the Texas Department of Criminal
Justice.  His sentence was suspended, and he was placed on community
supervision for five years.  In the retaliation cause, the State filed a motion
to revoke his community supervision alleging that appellant:  (1) committed the
offenses of assault family violence, criminal mischief, and terroristic threat;
(2) consumed alcohol; (3) failed to avoid persons or places of disreputable or
harmful character; and (4) failed to successfully complete the Springboard Program
as ordered by the court.

            The trial court heard all
three motions to revoke in one hearing.  Appellant pleaded not true to all of the
allegations.  The trial court found the allegations true and revoked
appellant’s community supervision. [1]

Issue
on Appeal

            In
both cases, appellant asserts that he did not receive due process or fair
notice of the allegations against him when the State presented violations not
in the motion to revoke. 

Discussion

            We
review the trial court’s decision to revoke community supervision for an abuse
of discretion and examine the record in a light most favorable to the trial
court’s judgment.  Moore v. State, 11 S.W.3d 495, 498 (Tex.
App.—Houston [14th Dist.] 2000, no pet.).  To revoke community supervision, the
State must prove by a preponderance of the evidence every element of at least
one ground for revocation.  Tex. Code
Crim. Proc. Ann. art.
42.12, § 21 (Vernon Supp. 2010).  A proceeding to revoke community supervision constitutionally
requires the application of appropriate due process.  Gagnon v. Scarpelli,
411 U.S. 778 (1973); Bradley v. State, 564 S.W.2d 727 (Tex. Crim. App. 1978).
 Due process requires that a written motion to revoke fully inform a probationer of the violations of terms of community
supervision that he is alleged to have breached.  Garner v. State, 545
S.W.2d 178 (Tex. Crim. App. 1977).  A motion to revoke does not require the
same particularity as an indictment to afford a defendant due process.  Labelle
v. State, 720 S.W.2d 101 (Tex. Crim. App. 1986).  Rather, the allegations
in the motion to revoke must fully set forth the alleged violations of the
community supervision so that the defendant might be informed of what he will
be called to defend.  Garner, 545 S.W.2d at 179.  The trial court may only revoke
community supervision based on the allegations of which the probationer has due
notice, those which are contained in the written motion
to revoke filed during the term of the probationary period. Caddell v. State,
605 S.W.2d 275, 277 (Tex. Crim. App. 1980). 

            Ramona
M. Martin, a community supervision officer, testified that appellant failed to
perform the required community service in both of the felony criminal mischief
cases.  Appellant does not challenge the allegations of failing to perform the
required community service.  He was provided fair notice of this allegation,
and Martin’s testimony is sufficient to revoke appellant’s community supervision
in both cases.  

             In his brief, appellant argues
that he was not put on fair notice of the allegations presented by the
testimony of Wendy Hogan, Emily Anderson, and Kim Lucas.  Wendy Hogan, a
Midland police officer, testified that she arrested appellant for criminal
mischief and assault family violence.  Officer Hogan testified that appellant
resisted arrest and smelled of alcohol.  Appellant objected to the testimony
stating that he was not put on notice of the arrest or Officer Hogan’s
testimony.  Officer Hogan’s testimony detailed the events of the offense and
the events leading up to the arrest.

            Emily Anderson testified that
she was the soon-to-be ex-wife of appellant.  Anderson testified that one night
appellant got very upset, picked up her son’s toy vacuum cleaner, and broke it
on the coffee table.  She also said that appellant threw her flat screen television
on the ground.  Anderson testified that, when she tried to call 911, appellant
grabbed the phone, broke it in half, and threw it at her.  He then grabbed her
hair, pinned her against the wall, and pressed his fist into her nose.  The
State offered photographs of the damaged property.  Appellant objected to the
admissibility of the photographs on the ground that he was not given fair
notice of the allegations.

            The State also presented the
testimony of Kim Lucas, a community supervision employee.  Lucas testified that
she saw appellant drinking at a bar.  She took a photograph of him holding an
alcoholic beverage in his hand.  Appellant did not object to her testimony.

            The State did not present
evidence of violations that were not alleged in the motions to revoke.  The trial
court heard all three motions to revoke in one hearing.  At the commencement of
the hearing, the trial court called all three cause numbers, and appellant
announced ready. Appellant did not object to having the motions to revoke
consolidated into one hearing.  The allegations that appellant complains about
in this appeal were listed and detailed in the third amended motion to revoke
that was filed in the retaliation case.  The State was allowed to present
evidence of each allegation alleged in the motion to revoke.  Appellant had
fair notice of the allegations offered in evidence, and his due process rights
were not violated.  We overrule appellant’s sole issue on appeal.

Conclusion

            We
affirm the trial court’s judgments. 

 

 

                                                                                                                                                                        RICK
STRANGE                 

                                                                                                                                                                        JUSTICE

                        

October 7, 2010

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Appellant appealed the trial court’s judgment revoking
his community supervision in the retaliation case.  This court issued an
opinion dismissing that appeal in Anderson v. State, No. 11-09-00234-CR,
2010 WL 669787 (Tex. App.—Eastland Feb. 25, 2010, no pet.) (mem. op., not
designated for publication).