Linnie NIXON, III, a/k/a Linny Nixon, III, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–94–304CR.

Court of Appeals of Texas, Beaumont.

Submitted March 22, 1996.

Decided July 10, 1996.

Douglas M. Barlow, Beaumont, for appellant.

Tom Maness, Criminal District Attorney, Rodney D. Conerly, Assistant Criminal District Attorney, Beaumont, for State.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

WALKER, Chief Justice.

This is an appeal from a conviction for the felony offense of Possession of a Controlled Substance (Cocaine). Although the statement of facts is somewhat confusing on the issue, the judgment reflects appellant pleaded "not guilty" to the charge. Appellant's brief also contends appellant pleaded "not guilty" and the State's brief does not take issue with this. We will therefore accept the fact that appellant pleaded "not guilty." The significance of this fact will become apparent at the conclusion of this opinion.

The statement of facts of the plea hearing reflects appellant orally waived the right to a jury trial, waived the right to confront witnesses and the right to remain silent. Thereafter, the State introduced into evidence, without objection from appellant's trial counsel, State's Exhibits 1, 2, and 3.[1] State's Exhibit 1 is entitled, "Stipulation of Evidence," and essentially provides that both

---

1. Exhibits 1, 2 and 3 for this appeal erroneously appear in the transcript rather than the statement of facts. However, as appellant's brief claims they were admitted into evidence and the State does not challenge the assertion we may accept such statement as correct. Tex.R.App. Proc. 74(f).

the State and appellant agree that, if called to testify, certain witnesses would "testify in accordance with the terms of the probable cause affidavit, tendered and admitted into evidence as State's Exhibit Number 2[,]" and that the lab analyst would testify the alleged contraband seized in connection with the events described in State's Exhibit 2 was tested and found to be cocaine as reflected in State's Exhibit 3 (the lab report). The parties also stipulated the "offense described in State's Exhibit number occurred (sic) in Beaumont, Jefferson County, Texas, on April 28th, 1992" and a proper chain of custody was maintained for the contraband.

The record reflects the trial court found appellant guilty and assessed his punishment at confinement in the Texas Department of Criminal Justice—Institutional Division for a term of ten (10) years, and assessed a fine of $1000. The trial court suspended imposition of the confinement of appellant and placed him on probation for a period of ten years. Appellant raises a single point of error in this appeal, *viz:* "The evidence was insufficient to support the conviction." [2]

Because the entirety of the State's factual evidence, other than the lab report, is contained in State's Exhibit 2, the probable cause affidavit, we now reproduce the pertinent portions of said affidavit:

My name is Chris Padgett. I am employed with the Beaumont Police Department and am currently assigned to the Narcotics and Vice Division.

On April 28th, 1992, at approximately 4:23 pm, I along with other members of the Narcotics (sic) Division, executed a search warrant at 2258 Victoria in Beaumont. A Montgomery Wards micro wave oven was seized at that address. The oven contained numerous splatters of of (sic) white rock like substance believed by me to be crack cocaine. A usable amount of the substance was was (sic) removed from the door of the micro wave oven. $1503.00 in cash was also seized at that residence. No arrest were (sic) made at that time.

Upon arrival at the office, I performed a Scotts test on the substance remove (sic) from the door of the oven. The test results was (sic) positive for cocaine. It is apparent that cocaine had been cooked into crack form in the oven. The residents at that address is (sic) Linny Nixon III, black male, dob 1–9–67 and his wife Freddie Marie Nixon, black female, dob 10–18–66. Linny Nixon was not at home at the time of the execution of the warrant. Freddie was present. A search warrant had been executed at 1513 LaSalle street (sic) earlier. Nixons (sic) mother (sic) address. Nixon had seen the police and ran from them avoiding detention.

Based on the facts and information received from the search warrant and my investigation, I respectfully request that a complaint be accepted and a warrant issued charging Linny Nixon III and Freddie Marie Nixon with the offense of possession of a controlled substance, cocaine, a 2nd degree felony.

As used in art. 1.15 of the Code of Criminal Procedure, the term "stipulation" includes agreements about what particular evidence or testimony would be, if presented in full and open court, without conceding the truthfulness of that evidence or otherwise waiving the need for proof. *Robinson v. State,* 739 S.W.2d 795, 799, n. 5 (Tex.Crim. App.1987). In reviewing the sufficiency of stipulated evidence to support the trial court's finding of guilt, we view stipulations as if they were actual witness testimony. *Id.* at 800 quoting *Stell v. State,* 496 S.W.2d 623, 626 (Tex.Crim.App.1973). The relevant inquiry is whether, after viewing the evidence in the light most favorable to the verdict, the trial court, as the rational trier of fact, could have found all of the essential elements to have been proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

"Possession" is defined as "actual care, custody, control or management." TEX.

---

**2.** Because of the somewhat confusing state of the record before us, we will address appellant's companion appeal, No. 09–94–303 CR (also a possession of a controlled substance (cocaine) case), in a separate opinion. Said companion case involved facts and circumstances entirely separate and distinct from those of the instant appeal. *See Nixon v. State,* No. 09–94–303 CR, —— S.W.2d —— (Tex.App.—Beaumont July 10, 1996, n.p.h.).

PENAL CODE ANN. § 1.07(a)(39) (Vernon 1994). To prove unlawful possession of a controlled substance, the State must first prove appellant exercised actual care, control and management over the contraband and second, that appellant had knowledge the substance in his possession was contraband. *King v. State,* 895 S.W.2d 701, 703 (Tex.Crim. App.1995). Moreover, when an accused is not in exclusive possession of the place where contraband is found, it cannot be concluded he had knowledge or control over the contraband unless there are additional independent facts and circumstances which affirmatively link him to the contraband. *Brown v. State,* 911 S.W.2d 744, 748 (Tex.Crim.App.1995); *Cude v. State,* 716 S.W.2d 46, 47 (Tex.Crim. App.1986).

In the instant case, the probable cause affidavit indicates appellant and his wife were "residents" of the house. Only his wife was present at the time the search warrant was executed, but she was not arrested. Accepting for the moment the classification "residents," under the only evidence existing in this case (i.e., the probable cause affidavit), implies some type of control over the premises searched, it can be said appellant was not in exclusive control of the house in which the contraband was found. We reiterate that knowledge of and control over the contraband by appellant cannot be concluded absent "additional facts and circumstances" which are commonly referred to as "affirmative links."

This Court has recognized the following as factors tending to establish affirmative links:

(1) the contraband was in plain view;

(2) the accused was the owner of the premises in which the contraband was found;

(3) the contraband was conveniently accessible to the accused;

(4) the contraband was found in close proximity to the accused;

(5) a strong residual odor of the contraband was present;

(6) paraphernalia to use the contraband was in view or found near the accused;

(7) the physical condition of the accused indicated recent consumption of the contraband in question;

(8) conduct by the accused indicated a consciousness of guilt;

(9) the accused had a special connection to the contraband;

(10) the place where the contraband was found was enclosed;

(11) the occupants of the premises gave conflicting statements about relevant matters; and

(12) affirmative statements connect the accused to the contraband.

*Dixon v. State,* 918 S.W.2d 678, 681 (Tex. App.—Beaumont 1996, n.p.h.); *Watson v. State,* 861 S.W.2d 410, 414–415 (Tex.App.—Beaumont 1993, pet. ref'd), *cert. denied,* —— U.S. ——, 114 S.Ct. 1659, 128 L.Ed.2d 376 (1994).

■ In the instant case, we can only look to the contents of the probable cause affidavit to locate the presence of any affirmative links. We will attempt to apply the twelve factors set out above to the contents of the probable cause affidavit, in the light most favorable to the verdict, in order to determine if any of the said factors affirmatively link the contraband to appellant:[3]

(1) The affidavit indicates the contraband was removed "from the door of the [microwave] oven." That is all that was before the trial court. It does not reflect whether the contraband was or was not in plain view.

(2) Appellant and his wife are designated as "residents" of the premises searched. There is no other indication as to what that term means or how the individuals came to be classified as such. A reasonable inference is that the premises are where appellant lives and is, therefore, under his joint control along with his wife.

(3) Because appellant was not at the premises at the time the search warrant was executed and there is no indication as to when appellant was last there, it is virtually impossible to assess whether or not the "splatters of of (sic) white rock like substance," which the lab report characterizes

---

**3.** We are mindful the above twelve factors do not represent an exclusive list.

as "residue," were conveniently accessible to appellant.

(4) The contraband was not found in close proximately to appellant as he was not at the premises when the search took place.

(5) There is no indication of any residual odor present at the time of the search.

(6) The affidavit is silent as to the presence of any drug paraphernalia anywhere in the residence at the time of the search.

(7) The physical condition of the appellant at the time of the search was not observed as he was not present.

(8) Again, appellant's absence from the premises precludes analysis of any consciousness of guilt. The indication in the affidavit that appellant ran from police earlier in the day at a different location cannot seriously imply consciousness of guilt for the instant offense. A search warrant was executed at that separate address but the affidavit before us does not indicate any contraband was discovered there.

(9) The affidavit is silent as to any special connection between appellant and the contraband.

(10) It can be reasonably inferred the contraband was found on the inside portion of the door to the microwave oven, and therefore the place where the cocaine splatters were found was enclosed.

(11) The affidavit is silent as to any statement made by appellant's wife at the time of the search. Appellant was not present at the time of the search.

(12) The affidavit is silent as to any affirmative statements linking anyone to the contraband.

■ Except for the somewhat inconsequential factor the cocaine splatters were in an enclosed place, the only other affirmative link between appellant and the contraband was the fact appellant was in joint control of the premises. The affidavit does note that $1,503 was found at the residence but does not indicate where said money was located or in what denominations it existed (hundred dollar bills?, twenties?, rolls of quarters?). Even in the light most favorable to the verdict, without further descriptive evidence, which is normally provided by police person-

nel involved in the search who testify at trial, the probative value of the fact that $1,503 was found somewhere in the house is slight. Therefore, we see appellant's joint control of the premises as essentially the sole substantive link the affidavit provides. Again, it must be emphasized we are not faced with the fact appellant was the sole occupant of or exercised sole control over the premises in question. Had he been, there would be no need to engage in a search for additional independent facts and circumstances affirmatively linking appellant to the contraband. *See Ramirez v. State,* 897 S.W.2d 428, 436 (Tex.App.—El Paso 1995, no pet.). We have found no case which holds joint ownership or control of premises, without additional affirmative links, is sufficient to prove both knowledge of and control over contraband located in said premises. We decline to be the first appellate court to so hold.

■ We find State's Exhibit 2, the probable cause affidavit, provides insufficient evidence for a rational trier of fact to conclude appellant had either knowledge of or control over the contraband seized at 2258 Victoria on April 28, 1992. In reaching this decision, we wish to note the usual deference for credibility determinations made by the factfinder is absent in this appeal as there were no witnesses for the trial court to observe. The trial court had before it an instrument containing factual assertions which the State introduced as its complete case against appellant, other than the lab report confirming the substance to be cocaine. As such, the State's entire case against appellant is before us in a manner indistinguishable from that presented to the trial court.

■ Recall that we initially determined appellant entered a plea of "not guilty" before the trial court. Because of this, we are not faced with the situation in *Bender v. State,* 758 S.W.2d 278 (Tex.Crim.App.1988), in which a written stipulation containing insufficient evidence to sustain a conviction resulted in the Court of Criminal Appeals remanding the case to the trial court rather than acquitting the defendant. The court found a defendant who intelligently and knowingly enters a plea of guilty or nolo contendere may not stand acquitted of a

crime because said defendant modified a preprinted judicial confession rendering it legally insufficient to support the conviction. *Id.* at 280. As appellant in the instant case pleaded not guilty, we must reverse the judgment of the trial court and order appellant acquitted. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

REVERSED AND APPELLANT ORDERED ACQUITTED.