In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________


 

NO. 09-04-165 CR


____________________



JEROME JOSEPH REEVES, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Court Cause No. 90589






MEMORANDUM OPINION


 Jerome Joseph Reeves was convicted of possession of a controlled substance in a
drug-free zone. He was sentenced as a habitual felony offender to imprisonment for life
in the Texas Department of Criminal Justice Correctional Institutions Division. See Tex.
Health & Safety Code Ann. §§ 481.114 (Vernon 2003), 481.134(c) (Vernon Supp.
2005). In this appeal, Reeves argues the evidence was legally insufficient to sustain his
conviction, the trial court erred in failing to instruct the jury pursuant to article 38.23 of
the Texas Code of Criminal Procedure, and he received ineffective assistance of counsel. 
See Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon Supp. 2005).

 Sergeant Ky Brown testified that on August 14, 2003, he was in a vehicle within
one thousand feet of Dunbar Elementary School, a drug-free zone. Brown stated he saw
an unidentified individual walking northbound in the lane of traffic and attempted to
approach him. According to Brown, when he and Officer Breiner approached the
individual from behind, he stepped away from the roadway, turned, and looked directly
at them. Brown said he recognized the individual from previous encounters. The
individual then turned away and began heading in the opposite direction at a quicker pace. 
He moved directly to a parked Cadillac. Brown testified he pulled behind the Cadillac,
and he and Breiner stepped out. The individual attempted to enter the Cadillac through the
back passenger door. The individual the officers had been following put a small, white
object into his mouth. Brown noticed movement in the vehicle, and he realized two
individuals were in the front seat. Brown observed the driver, Reeves, reaching under the
right side area of the floorboard. Brown and Breiner removed Reeves and the passenger
from the vehicle and searched for weapons.

 Brown returned to the driver's door and performed a wingspan search of the area
where Reeves had been reaching. Brown testified he observed a black washcloth lying on
the floorboard, partially underneath the front seat. Brown testified he picked up the
washcloth to see whether a weapon was concealed beneath it, and he found a plastic bag
containing a substance he believed to be a large quantity of crack cocaine. He stopped and
told Breiner what he had found. After securing the individuals, Brown continued to search
the front seat area, believing he might find a weapon or additional contraband. Brown
found a small plastic container partially shoved between the driver's seat and the middle
of the front seat. Brown discovered rocks of crack cocaine inside the container. He
testified that when he looked at Reeves, he saw Reeves spit a white chalky substance from
his mouth. Breiner put on gloves and recovered a portion of the substance Reeves had
spit. Reeves and the passenger were arrested and charged with possession of a controlled
substance. Brown and Breiner gathered three pieces of evidence for testing, including the
material Reeves spit, the substance from the plastic container, and the substance from the
plastic bag. The three exhibits were placed in separate plastic bags and then placed within
one large plastic evidence bag. 

 Detective Breiner testified that he was on duty with Sergeant Brown and that he
recognized an individual walking in the roadway. According to Breiner, after the
individual recognized their vehicle, the individual immediately walked to a parked car and
began trying to enter the car. Brown stopped, and Breiner got out and walked toward the
individual. Breiner testified the individual began throwing "rocks" in his mouth. Breiner
stated he tried unsuccessfully to prevent him from swallowing the material. Breiner stated
he saw what appeared to be chewed chalk. Breiner testified Reeves became visibly
nervous when Brown searched the area where Reeves was sitting. 

 Melissa Taylor, a forensic analyst for the Jefferson County Regional Crime
Laboratory, testified regarding the procedures used in testing a substance for the presence
of crack cocaine. Taylor testified she received one evidence bag containing three separate
ziplock bags, and she analyzed the contents of each bag and assigned a result to each. (1)
Taylor stated each of the three bags testified positive for cocaine. Taylor stated the
contents of the first bag weighed 0.17 grams, the second weighed 3.90 grams, and the
third weighed 17.93 grams, making a combined weight of over four grams. Taylor's tests
indicated each bag in State's Exhibit 1 contained cocaine, a controlled substance listed in
Penalty Group 1 of the Texas Controlled Substances Act. 

 A legal sufficiency review requires the appellate court to view the evidence in the
light most favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime charged beyond a reasonable doubt. See
Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979);
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). "To prove unlawful
possession of a controlled substance, the State must first prove appellant exercised actual
care, control and management over the contraband and second, that appellant had
knowledge the substance in his possession was contraband." Nixon v. State, 928 S.W.2d
212, 215 (Tex. App.--Beaumont 1996, no pet.) (citing King v. State, 895 S.W.2d 701, 703
(Tex. Crim. App. 1995)). Reeves argues that he did not have exclusive possession of the
place where the contraband was found, and that no additional facts connected him to the
contraband.

 Although an accused is not in exclusive possession of the location where contraband
is found, additional independent facts and circumstances may affirmatively link the accused
to the contraband. See Nixon, 928 S.W.2d at 215. Factors which tend to establish
affirmative links include: 

 (1) the contraband was in plain view;
(2) the accused was the owner of the premises in which the contraband was
found;
(3) the contraband was conveniently accessible to the accused;
(4) the contraband was found in close proximity to the accused;
(5) a strong residual odor of the contraband was present;
(6) paraphernalia to use the contraband was in view or found near the accused;
(7) the physical condition of the accused indicated recent consumption of the
contraband in question;
(8) conduct by the accused indicated a consciousness of guilt;
(9) the accused had a special connection to the contraband;
(10) the place where the contraband was found was enclosed;
(11) the occupants of the premises gave conflicting statements about relevant
matters; and
(12) affirmative statements connect the accused to the contraband.

Id. Reeves was in the driver's seat. The investigating officers noticed movement in the
vehicle, and Sergeant Brown observed Reeves reaching under the right side area of the
floorboard. The contraband was in close proximity and conveniently accessible to Reeves. 
Reeves was visibly nervous during the search, and Brown saw Reeves spit a white chalky
substance from his mouth. The evidence was legally sufficient to support Reeves'
conviction. Issue one is overruled.

 In his second issue, Reeves argues the trial court erred in failing to instruct the jury
pursuant to article 38.23 of the Texas Code of Criminal Procedure. See Tex. Code Crim.
Proc. Ann. art. 38.23 (Vernon Supp. 2005). At trial, Reeves' counsel moved to suppress
the evidence obtained from the search, (2) and he objected to the omission from the charge
of an instruction regarding exclusion of illegally obtained evidence. He tendered three
proposed instructions. The trial court denied the requested instructions, stating "all three
of your requests are denied. It's an issue of law not fact."

 A defendant is entitled to a jury instruction under article 38.23 of the Texas Code
of Criminal Procedure if there is a fact issue as to how the evidence was obtained. See
Thomas v. State, 723 S.W.2d 696, 707 (Tex. Crim. App. 1986); Washington v. State, 663
S.W.2d 506, 508 (Tex. App.--Houston [1st Dist.] 1983, pet. ref'd). If the question is one
of law only, there is no issue for the jury. See Pierce v. State, 32 S.W.3d 247, 251 (Tex.
Crim. App. 2000); Bell v. State, 938 S.W.2d 35, 48 (Tex. Crim. App. 1996). Reeves
asserts his counsel's cross-examination of the State's witnesses raised a fact issue requiring
an instruction under article 38.23. However, the evidence given by the State's witnesses
was clear and consistent, and no contradictory evidence was elicited during cross-examination. The essential facts were not in conflict. On this record, the trial court did
not err in denying Reeves' requested jury instruction. Issue two is overruled.

 In his third issue, Reeves argues he received ineffective assistance of counsel during
the guilt/innocence phase of the trial. Specifically, Reeves complains his trial counsel's
performance was deficient during cross-examination of Sergeant Brown. Reeves contends
his counsel's cross-examination of Sergeant Brown elicited a legal justification for stopping
the first individual (his violation of a city ordinance) which he says had not otherwise been
proved. Reeves argues his counsel "filed a proposed jury charge compliant with article
38.23 prior to trial, argued that it was mandatory after the trial, and then destroyed any
reason to include it during the trial."

 To prevail on a claim of ineffective assistance of counsel, an appellant must satisfy
a two-pronged test:

 First, the defendant must show that counsel's performance was deficient. 
This requires showing that counsel made errors so serious that counsel was
not functioning as the "counsel" guaranteed the defendant by the Sixth
Amendment. Second, the defendant must show that the deficient
performance prejudiced the defense. This requires showing that counsel's
errors were so serious as to deprive the defendant of a fair trial, a trial
whose result is reliable. 


Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674
(1984); see also Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). Texas
courts have interpreted Strickland to require appellant to show a reasonable probability
that, but for his counsel's errors, the outcome would have been different. See Bone v.
State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). "Appellate review of defense
counsel's representation is highly deferential and presumes that counsel's actions fell
within the wide range of reasonable and professional assistance." Id. (citation omitted).
Furthermore, "[a]ny allegation of ineffectiveness must be firmly founded in the record,
and the record must affirmatively demonstrate the alleged ineffectiveness." Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citation omitted). The bare record on
direct appeal is usually insufficient to demonstrate "counsel's representation was so
deficient . . . as to overcome the presumption that counsel's conduct was reasonable and
professional." See Bone, 77 S.W.3d at 833 (citation omitted). 

 The testimony of which Reeves complains in this issue relates to the reasonableness
of stopping an individual other than Reeves. Officer Brown had already testified on direct
examination that the officers were attempting to approach an individual who was walking
"in the lane of traffic that we were proceeding in." The testimony elicited on cross-examination concerned essentially those facts already in evidence through direct
examination. The assertion of a city ordinance violation was made on cross-examination. 
However, the record does not demonstrate counsel's cross-examination constituted
ineffective assistance or resulted in an unfair trial requiring reversal under Strickland. 
Reeves' third issue is overruled. 

 The judgment of the trial court is affirmed. 

 AFFIRMED. 


 _______________________________ DAVID GAULTNEY

 Justice

 


Submitted on January 26, 2005

Opinion Delivered February 2, 2005 

Do Not Publish

 

Before McKeithen, C.J., Gaultney, and Kreger, JJ.
1. Taylor referred to the three bags individually as Exhibits 1, 2, and 3, while the
State referred to all three bags as State's Exhibit 1. Reeves contends all of the evidence
was tested together as one sample. We see nothing in the record that supports this
assertion.
2. Reeves does not appeal the denial of the motion to suppress.