In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00503-CR


____________________



ERNEST LAMONT NELSON



V.



THE STATE OF TEXAS






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 98571






MEMORANDUM OPINION


 A jury found Ernest Lamont Nelson guilty of possession of a controlled substance. 
See Tex. Health & Safety Code Ann. § 481.115 (Vernon 2003). The judge sentenced
Nelson to five years' confinement in prison. In two issues, Nelson challenges the legal and
factual sufficiency of the evidence supporting his conviction and contends that the trial court
erred by failing to grant his Batson challenge. (1) We overrule Nelson's issues and affirm the
judgment.

Factual Background

 After observing a drug transaction between the back-seat passenger in a car and an
informant with whom the Port Arthur Police had previously arranged to purchase drugs with
marked cash, the police stopped the vehicle. Nelson was driving the car. Inside, the police
located drugs, including a "clear plastic baggy that had some crack cocaine in it." The plastic
baggy was located in plain view on top of the center console. According to the officer who
recovered it, the cocaine was within reach of both the driver and the front-seat passenger. 
The officer who initially detained Nelson also recovered $40.00 in marked bills. All three
of the car's occupants were arrested following the traffic stop.

 Nelson was indicted and then tried for possession of a controlled substance, namely
cocaine, in an amount of at least one gram but less than four grams. The front-seat passenger
testified at Nelson's trial. He stated that the cocaine and the other drugs in the car belonged
solely to him. He also testified that he previously pled guilty to an indictment charging him
with possession of these same drugs. He agreed that the cocaine was on the car's center
console when the police seized it. The jury found Nelson guilty of possessing the cocaine
in the car. Nelson appeals.

Standard of Review

 Nelson contends the evidence is legally and factually insufficient to support his
conviction. When an appellant raises both legal and factual sufficiency on appeal, we first
address the legal sufficiency of the evidence; if the evidence is legally sufficient to support
the conviction, we then address factual sufficiency. See Clewis v. State, 922 S.W.2d 126,
133 (Tex. Crim. App. 1996). With respect to the legal sufficiency of the evidence in a
criminal case, we review all of the evidence in a light most favorable to the verdict, and we
decide if any rational trier of fact could find the essential elements of the crime beyond a
reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560
(1979); Evans v. State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006).

 In determining the evidence's factual sufficiency, we review the evidence in a neutral
light. See Roberts v. State, 220 S.W.3d 521, 524 (Tex. Crim. App.), cert. denied, 128 S.Ct.
282, 169 L.Ed.2d 206, 76 U.S.L.W. 3165 (2007). "Evidence can be factually insufficient in
one of two ways: (1) when the evidence supporting the verdict is so weak that the verdict
seems clearly wrong and manifestly unjust, and (2) when the supporting evidence is
outweighed by the great weight and preponderance of the contrary evidence so as to render
the verdict clearly wrong and manifestly unjust." Id. (citing Watson v. State, 204 S.W.3d
404, 414-15 (Tex. Crim. App. 2006); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000)). The reviewing court may not reverse for factual sufficiency if "'the greater weight
and preponderance of the evidence actually favors conviction.'" Id. (quoting Watson, 204
S.W.3d at 417).

 While the appellate court may "second-guess the [fact finder] to a limited degree, the
review should still be deferential, with a high level of skepticism about the [fact finder's]
verdict required before a reversal can occur." Id. (citing Watson, 204 S.W.3d at 417; Cain
v. State, 958 S.W.2d 404, 407, 410 (Tex. Crim. App. 1997)). In examining a factual
sufficiency challenge, we "must give due deference to the fact finder's determinations
concerning the weight and credibility of the evidence . . . ." Swearingen v. State, 101 S.W.3d
89, 97 (Tex. Crim. App. 2003).

Analysis

 A person commits the offense of possession of a controlled substance "if the person
knowingly or intentionally possesses a controlled substance listed in Penalty Group 1. . . ."
Tex. Health & Safety Code Ann. § 481.115(a). Cocaine is a controlled substance listed
in Penalty Group 1. Id. § 481.102(3)(D) (Vernon Supp. 2008). "Possession" is defined as
"actual care, custody, control, or management." Id. § 481.002(38) (Vernon Supp. 2008). 
The State may prove that a defendant knowingly possessed contraband by offering
circumstantial evidence linking him to the contraband. Brown v. State, 911 S.W.2d 744, 747
(Tex. Crim. App. 1995). The State need not prove exclusive possession of the contraband,
since more than one person may jointly exercise control over contraband. McGoldrick v.
State, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985).

 When an accused is not in exclusive possession of the location where contraband is
found, additional independent facts and circumstances must link him to the contraband. See
Poindexter v. State, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005); Nixon v. State, 928
S.W.2d 212, 215 (Tex. App.-Beaumont 1996, no pet.). Such links are established when the
evidence shows that the accused's connection to the contraband is more than just fortuitous. 
Poindexter, 153 S.W.3d at 405-06. 

 Some factors that may be considered in establishing links to the contraband are (1)
whether the defendant was present when the search was conducted, (2) whether the
contraband was in plain view, (3) whether the defendant had proximity to and accessibility
to the contraband, (4) whether the defendant was under the influence of narcotics when
arrested, (5) whether the defendant possessed other contraband or narcotics when arrested,
(6) whether the defendant made incriminating statements, (7) whether the defendant
attempted to flee, (8) whether the defendant made furtive gestures, (9) whether there was an
odor of contraband, (10) whether other contraband or drug paraphernalia were present, (11)
whether the defendant owned or had the right to possess the place where the contraband was
found, (12) whether the place where the contraband was found was enclosed, (13) whether
the defendant was found with a large amount of cash, and (14) whether the conduct of the
defendant indicated a consciousness of guilt. See Evans, 202 S.W.3d at 162 n.12.

 Evidence establishing the links may be direct or circumstantial. See Poindexter, 153
S.W.3d at 405-06. "Circumstantial evidence" has been defined as "direct proof of a
secondary fact which, by logical inference, demonstrates the ultimate fact to be proven." 
Taylor v. State, 684 S.W.2d 682, 684 (Tex. Crim. App. 1984); Watson v. State, 861 S.W.2d
410, 412 (Tex. App.-Beaumont 1993, pet. ref'd). "It is the logical force of the circumstantial
evidence, not the number of links, that supports a jury's verdict." Evans, 202 S.W.3d at 166. 
 Under the circumstances of Nelson's arrest, the jury could consider that (1) Nelson
was at the scene when the police seized the cocaine; (2) the cocaine was in plain view on the
center console of the vehicle between Nelson and the front-seat passenger, thus, placing
Nelson in its proximity and in a position to access the cocaine; (3) drugs other than the
cocaine were also recovered from the vehicle; and (4) Nelson was the car's driver, which is
some evidence that he had the right to possess the vehicle in which the cocaine was found. 
Additionally, Nelson had some of the marked bills the informant used in the drug transaction
that had occurred immediately prior to the search. When we view the evidence in a light
most favorable to the verdict, multiple links exist to tie Nelson to the contraband at issue. 

 While the front-seat passenger testified that he solely possessed all of the drugs found
in the vehicle, the jury was free to believe all, some, or none of the witness's testimony. 
Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); Jaggers v. State, 125 S.W.3d
661, 672 (Tex. App.-Houston [1st Dist.] 2003, pet. ref'd). After reviewing the record, we
conclude that a rational trier of fact could have found beyond a reasonable doubt that Nelson
knowingly possessed the cocaine. See Jackson, 443 U.S. at 319; Evans, 202 S.W.3d at 161. 
The totality of the evidence, both direct and circumstantial, coupled with reasonable
inferences from it, point to Nelson's knowing possession of the cocaine in question. See
Evans, 202 S.W.3d at 166. Accordingly, we hold that the evidence is legally sufficient to
support the jury's verdict that Nelson knowingly possessed cocaine.

 When reviewed in a neutral light, the same evidence discussed above also provides
a factually sufficient basis to support Nelson's possession of a controlled substance
conviction. See Roberts, 220 S.W.3d at 524. Obviously, the jury rejected the passenger's
testimony to the extent he attempted to convince them that the cocaine belonged exclusively 
to him. See Sharp, 707 S.W.2d at 614; Jaggers, 125 S.W.3d at 672. We conclude that the
evidence is also factually sufficient to establish that Nelson knowingly possessed the cocaine. 
Accordingly, we overrule Nelson's first issue.

Batson Challenge


 Nelson's second issue contends the trial court erred by failing to grant his Batson
challenge with respect to the State's exercise of peremptory strikes to remove three specific
members of the array. See Tex. Code Crim. Proc. Ann. art. 35.261 (Vernon 2006); Batson
v. Kentucky, 476 U.S. 79, 86, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). "The Equal Protection
Clause of the Fourteenth Amendment to the United States Constitution prohibits race-based
jury selection." Jasper v. State, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001) (citing Batson,
476 U.S. at 85). The Texas Court of Criminal Appeals has explained the Batson procedure
as follows:

 A Batson challenge generally gives rise to a three-step process. 
First, the defendant must make a prima facie case that a venire
member was peremptorily excluded on the basis of race. Next,
the prosecution must come forward with race-neutral reasons for
the peremptory strike. Finally, the defendant has the opportunity
to rebut the State's explanations. The burden of persuasion
remains with the defendant to prove purposeful discrimination.


Simpson v. State, 119 S.W.3d 262, 268 (Tex. Crim. App. 2003) (citations omitted). If the
State proffers race-neutral explanations for its peremptory strikes, the defendant has the
burden to convince the trial court that the prosecution's reasons were not race-neutral. Ford
v. State, 1 S.W.3d 691, 693 (Tex. Crim. App. 1999). The defendant's "failure to offer any
real rebuttal to a proffered race neutral explanation can be fatal to his claim." Johnson v.
State, 68 S.W.3d 644, 649 (Tex. Crim. App. 2002). Generally, we will uphold a trial court's
ruling on a Batson challenge unless the trial court's ruling is clearly erroneous. See Jasper,
61 S.W.3d at 421-22.

 The prosecutor articulated her reasons for the strikes of the three venire members. 
The prosecutor struck one of them because she would apply "a hundred percent" or "no
doubt" burden of proof. Another of the struck venire members had been previously arrested
for public intoxication and was unemployed, and the prosecutor expressed concern about her
as a result. As for the last venire member at issue, the prosecutor stated that she "didn't seem
to be paying attention" during voir dire and did not appear interested "in being here." 
Because defense counsel did not question the prosecutor or provide the trial court with any
evidence in rebuttal, the prosecutor's explanations for the strikes, which are race-neutral on
their face, are not really rebutted based on the evidence that is before us. See Ford, 1 S.W.3d
at 693. Consequently, the trial court's Batson rulings are not now shown to have been clearly
erroneous. Issue two is overruled. Accordingly, the trial court's judgment, as reformed by
its nunc pro tunc order of December 11, 2008, is affirmed.

 AFFIRMED. 



 ____________________________

 HOLLIS HORTON

 Justice


Submitted on July 27, 2009

Opinion Delivered August 26, 2009

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.
1. See Tex. Code Crim. Proc. Ann. art. 35.261 (Vernon 2006); Batson v. Kentucky,
476 U.S. 79, 86, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).