In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00252-CR
_____

ASHLEY RENEE ROACH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 411th District Court
Polk County, Texas
Trial Cause No. 25117

## MEMORANDUM OPINION

A jury convicted appellant Ashley Renee Roach of possession of a controlled substance, and the trial court assessed punishment at two years of confinement in a state jail facility. In her sole appellate issue, Roach contends the evidence supporting her conviction is legally insufficient. We affirm the trial court's judgment.

Polk County sheriff's deputy Jessica Stanton testified that she is currently assigned to the courthouse, where she checks people as they pass through the metal detector at the front door. Stanton explained that if someone brings a package, such

1

as a purse or bag, into the courthouse, she must look through its contents. According to Stanton, when someone enters the courthouse with a purse, she searches every pocket of the purse.

Stanton testified that on March 17, 2016, she was screening Roach at the metal detector. Roach was carrying a small purse, and upon searching the purse, Stanton found a clear plastic baggie that contained "a white crystal powdery substance[]" in a zippered pocket on the front of the purse. Also in the purse was a wallet that contained Roach's identification. Stanton suspected that the substance was either cocaine or methamphetamine, and she subsequently field tested the substance at the sheriff's department. Stanton explained that the substance tested positive for methamphetamine in an amount less than one gram, including adulterants and dilutants. Stanton testified that she then packed the substance and sent it to the DPS crime lab to confirm the test, and that report showed the substance tested positive for methamphetamine. Stanton testified that Roach said her cousin had loaned the purse to her the previous weekend. Security footage that showed Stanton's encounter with Roach was viewed by the jury and received into evidence.

Roach testified that she got the purse from her cousin because she wanted a smaller purse to take to the rodeo. Roach explained that when she received the purse, it was empty, and she put her license into the purse. Roach testified that she has

never used methamphetamine and the baggie did not belong to her. Roach explained that she did not intend to possess methamphetamine, and she would not have borrowed the purse if she had known it contained methamphetamine. Roach testified that she did not know that she was in possession of methamphetamine.

## ROACH'S ISSUE

In her sole appellate issue, Roach challenges the legal sufficiency of the evidence. In reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The fact finder is the ultimate authority on the credibility of witnesses and the weight to be given their testimony. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. [Panel Op.] 1981). We give full deference to the fact finder's responsibility to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13. If the record contains conflicting inferences, we must presume that the fact finder resolved such facts in favor of the verdict and defer to that resolution. *Brooks v. State*, 323 S.W.3d 893, 899 n.13 (Tex. Crim. App. 2010); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

3

We also "'determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict.'" *Clayton*, 235 S.W.3d at 778 (quoting *Hooper*, 214 S.W.3d at 16-17).

"To prove unlawful possession of a controlled substance, the State must first prove appellant exercised actual care, control and management over the contraband and second, that appellant had knowledge the substance in his possession was contraband." *Nixon v. State*, 928 S.W.2d 212, 215 (Tex. App. —Beaumont 1996, no pet.) (citing *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995)). The State need not prove exclusive possession of the contraband, since control over contraband may be jointly exercised by more than one person. *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985); *State v. Derrow*, 981 S.W.2d 776, 779 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd).

When an accused is not in exclusive possession of the location where contraband is found, additional independent facts and circumstances may affirmatively link him to the contraband. *Nixon*, 928 S.W.2d at 215. An affirmative link may be established through either direct or circumstantial evidence, and it must show that the accused's connection to the contraband was more than fortuitous.

*Poindexter v. State*, 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005). Factors which tend to establish affirmative links include:

(1) the contraband was in plain view;
(2) the accused was the owner of the premises in which the contraband was found;
(3) the contraband was conveniently accessible to the accused;
(4) the contraband was found in close proximity to the accused;
(5) a strong residual odor of the contraband was present;
(6) paraphernalia to use the contraband was in view or found near the accused;
(7) the physical condition of the accused indicated recent consumption of the contraband in question;
(8) conduct by the accused indicated a consciousness of guilt;
(9) the accused had a special connection to the contraband;
(10) the place where the contraband was found was enclosed;
(11) the occupants of the premises gave conflicting statements about relevant matters; and
(12) affirmative statements connect the accused to the contraband.

*Nixon*, 928 S.W.2d at 215. "It is . . . not the number of links that is dispositive, but rather the logical force of all of the evidence, direct and circumstantial." *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006).

In this case, Stanton testified that she recovered methamphetamine from a purse that was in Roach's possession, and a wallet that contained Roach's identification was also in the purse. We conclude that sufficient affirmative links exist in this case. *See Evans*, 202 S.W.3d at 162; *Nixon*, 928 S.W.2d at 215. It is the jury's province to determine the credibility of the witnesses and the weight to be given their testimony. *See Penagraph*, 623 S.W.2d at 343. The evidence is legally

5

sufficient to support the verdict. *See Hooper*, 214 S.W.3d at 13. Accordingly, we overrule Roach's sole issue and affirm the trial court's judgment.

AFFIRMED.

                                    _____

                                         STEVE McKEITHEN
                                            Chief Justice

Submitted on February 28, 2018
Opinion Delivered March 14, 2018
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.