**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00048-CR**
_____

**CLYDE SHILO CHOPANE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 14-20688**

**MEMORANDUM OPINION**

Clyde Shilo Chopane was indicted by the grand jury for the offense of possession of a controlled substance in an amount of at least four grams or more and less than two hundred grams, a second degree felony, and was also indicted as a habitual offender. *See* Tex. Health & Safety Code Ann. § 481.115(a), (d) (West

1

2017). Chopane pled not guilty. Chopane was tried and convicted by a jury,[1] and the court assessed punishment at twenty-five years in prison. Chopane appeals his conviction and raises two issues on appeal. He asserts the evidence is legally insufficient to sustain his conviction for possession of a controlled substance and that the trial court erred in denying his motion for instructed verdict.

**Background**

On the night of September 4, 2014, Chopane and two other individuals were in the back parking lot of a hotel in Beaumont, Texas. The area where Chopane was located is known for illegal activity such as prostitution and drug use, and it is considered by law enforcement to be a high crime area. As part of their routine patrol, Officers Jackson and McCauley of the Beaumont Police Department pulled into the back parking lot where Chopane and the other individuals were located. The officers testified that when they pulled into the back of the parking lot, they observed multiple people standing around a white Grand Prix. The officers indicated they observed Chopane standing on the passenger side of the vehicle towards the right front tire, and the other male and female were standing on the driver side of the vehicle. The officers testified that when Chopane saw the marked patrol car, he

---

[1] The trial court issued a judgment nunc pro tunc, which simply changed the names of the prosecuting attorneys identified in the original judgment.

walked from the front right tire to the back right tire and bent down to the ground. All three subjects then began acting nervous. Officer Jackson instructed Chopane to walk to the front of his patrol car and made contact with Chopane, while Officer McCauley made contact with the male and female on the driver side of the car. Chopane told the officers the car belonged to him.

Officer Jackson indicated that Chopane appeared to be impaired on a substance, and the officer recognized the odor of phencyclidine (PCP). Officer Jackson further testified Chopane was hot to the touch and sweating profusely, which is common for people high on PCP. He testified he detained Chopane for the safety of everyone involved.

Officer Jackson asked if he could search Chopane's pockets, and Chopane consented. He then pulled a pack of Newport cigarettes from Chopane's pocket. Chopane also gave the officer permission to search his vehicle. Officer Jackson walked to the passenger rear tire of the car where he had observed Chopane bend down because he suspected Chopane placed something on the ground. There, he found a small mouthwash bottle with a liquid substance in it. Both officers indicated Chopane had been standing where they found the bottle. Initially, the officers could not locate the cap for the bottle; however, Officer McCauley eventually found it in a cup holder in the console of Chopane's vehicle. In addition to the mouthwash bottle

3

containing liquid, Officer Jackson found a Newport cigarette under the right passenger area of the car that had the same brown substance on it that he would typically find when people dip cigarettes in PCP. The officers testified the bottle, cigarette, and cap all exhibited the distinct odor of PCP. There appeared to be remnants of tobacco leaves from a cigarette in the mouthwash bottle, as well. Officers placed Chopane under arrest for possession of a controlled substance.

At the scene, the female subject had to be told repeatedly to stop digging in her purse before she finally complied. Officer McCauley testified that he never observed her discard anything under the vehicle. The Officers found a Newport cigarette that had been dipped in PCP in the female's purse, and she was subsequently arrested for having the PCP cigarette in her purse and placed in the patrol car with Chopane. While in the patrol car, Chopane and the female subject were recorded discussing the PCP, and Chopane can be heard telling her to leave him money and he would bail her out, but she refused to cooperate with him.[2]

The State's chemist from the Jefferson County Regional Crime Lab confirmed the mouthwash bottle tested positive for PCP in the amount of 5.349 grams. The Newport cigarette retrieved from under the vehicle also tested positive for PCP in the amount of 0.698 grams.

---

[2] During these discussions, Chopane refers to PCP by its street name, "dip."

After the State rested, the defense moved for an instructed verdict of not guilty, which the trial court denied. The jury convicted Chopane of possession of a controlled substance in an amount greater than four grams but less than two hundred grams. The trial judge found "true" as to the prior convictions pled as enhancements in the indictment and sentenced Chopane to twenty-five years.

## Standard of Review

On appeal, Chopane challenges the legal sufficiency of the verdict and argues the trial court improperly denied his motion for instructed verdict. When there is a claim of legal insufficiency, we review the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 899, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)) (concluding the *Jackson* standard "is the only standard that a reviewing court should apply" when examining the sufficiency of the evidence); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). In a legal sufficiency review, we examine all evidence in the record, direct and circumstantial, whether it is admissible or inadmissible. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). The jury is the sole judge of the witnesses' credibility and weight to be given to their testimony. *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016).

Juries may draw multiple reasonable inferences so long as each inference is supported by the evidence presented at trial. *Id.* We must defer to the jury's determinations of weight and credibility of the witnesses. *See Brooks*, 323 S.W.3d at 899. We treat a complaint of a trial court's failure to grant a motion for directed verdict as a challenge to the legal sufficiency of the evidence. *See Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996) (citing *Cook v. State*, 858 S.W.2d 467, 470 (Tex. Crim. App. 1993)); *Andrus v. State*, 495 S.W.3d 300, 304 (Tex. App.— Beaumont 2016, no pet.).

**Analysis**

To establish its case for possession of a controlled substance, the State must prove the defendant exercised care, control, or management over the PCP and knew the substance was PCP. Tex. Health & Safety Code Ann. § 481.102(8) (West Supp. 2017); § 481.115(a), (d); *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005), *abrogated on other grounds by Robinson v. State*, 466 S.W.3d 166, 173 n.32 (Tex. Crim. App. 2015); *De La Torre v. State*, 546 S.W.3d 420, 423–24 (Tex. App.—Houston [1st Dist.] 2018, no pet.). The evidence must show the defendant's connection with the drug was more than just fortuitous, which is the "affirmative links" rule. *Poindexter*, 153 S.W.3d at 405–06; *De La Torre*, 546 S.W.3d at 424; *Nixon v. State*, 928 S.W.2d 212, 215 (Tex. App.—Beaumont 1996, no pet.). In cases

6

where a defendant does not have exclusive possession of the place where the controlled substance is discovered, additional facts beyond mere presence must link him to the illegal substance. *Tate*, 500 S.W.3d at 413–14. The State is not required to prove exclusive possession of the contraband as control may be jointly exercised by more than one person. *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985).

The factors courts consider when determining the establishment of affirmative links are:

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the of the defendant indicated a consciousness of guilt.

*Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006); *see also Tate*, 500 S.W.3d at 414. "It is . . . not the number of links that is dispositive, but rather the logical force of all the evidence, direct and circumstantial." *Evans*, 202 S.W.3d at 162.

We now examine the evidence in light of the "affirmative links" factors. Chopane admitted he was the owner of the vehicle under which the mouthwash bottle of PCP and PCP-laced cigarette were found.[3] The cap for the mouthwash bottle also smelled of PCP and was found in the center console of Chopane's car. Testimony at trial and video evidence of the stop indicated Chopane smelled of PCP. Police video of the contact with Chopane supports the officers' testimony that he was impaired, as he is slow to respond, appears confused, agitated, and was reportedly hot to the touch. The officers found a pack of cigarettes on Chopane's person and a PCP-dipped cigarette of the same brand under the passenger side of the vehicle. The State's chemist testified that both the cigarette found under the car and the mouthwash bottle tested positive for PCP. While there was another PCP cigarette of the same brand found in the female subject's purse, both officers testified they only observed her and the other male subject on the driver side of the vehicle. The only individual observed on the passenger side of the vehicle in the vicinity of where the contraband was found was Chopane. Additionally, Officer Jackson testified specifically that he observed Chopane walk from the front right tire to the back right

_____

[3] While we note the mouthwash bottle was found in the parking lot under the car, the location of the bottle in an upright position near the tire supports the inference it was purposefully placed there after the car was parked, or there is a likely chance the bottle would have been knocked over.

8

tire and bend down to the ground in the area where the bottle of PCP was located. Chopane was the only subject who had access to the three areas where the cap, PCP-dipped cigarette, and mouthwash bottle containing PCP were found that night. Finally, Chopane was in an area known for drug activity. Therefore, the logical force of the evidence establishes an affirmative link between Chopane and the contraband. *See id.* When viewing the evidence in the light most favorable to the jury's verdict, we determine the evidence is legally sufficient for a rational fact finder to conclude beyond a reasonable doubt that Chopane knowingly possessed the controlled substance, PCP, as charged in the indictment. *See* Tex. Health & Safety Code Ann. §§ 481.102(8), 481.115(a), (d); *Brooks*, 323 S.W.3d at 912. Additionally, as the evidence is legally sufficient to support Chopane's conviction, the trial court did not err in denying Chopane's motion for instructed verdict. We overrule issues one and two.

## Conclusion

We conclude the evidence was legally sufficient to support the jury's verdict convicting Chopane of possession of a controlled substance, and the trial court did not err in denying Chopane's motion for instructed verdict. The judgment of the trial court is affirmed.

AFFIRMED.

                                                _____

                                                      CHARLES KREGER
                                                        Justice

Submitted on June 5, 2018
Opinion Delivered July 25, 2018
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.