In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00201-CR
_____

DOROTHY CARTER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 356th District Court
Hardin County, Texas
Trial Cause No. 23514

MEMORANDUM OPINION

A Hardin County grand jury indicted Dorothy Carter for the offense of possession of a controlled substance, specifically methamphetamine, with intent to deliver in an amount greater than one gram but less than four grams, a second-degree felony. *See* Tex. Health & Safety Code Ann. §§ 481.102(6) (West Supp. 2018); 481.112(a), (c) (West 2017). Carter pled not guilty. A jury found her guilty of the lesser-included offense of possession of a controlled substance, a third-degree

felony. *See* Tex. Health & Safety Code Ann. § 481.115(a), (c) (West 2017). The trial judge assessed punishment at ten years confinement in TDCJ but placed Carter on probation for ten years. In one issue on appeal, Carter asserts the trial court erred in denying her motion for instructed verdict because the State failed to prove each element beyond a reasonable doubt in that it failed to establish the requisite affirmative links to prove care, custody, and control equating to possession.

**Background**

On January 5, 2015, narcotics officers with the Hardin County Sheriff's Office (HCSO) went to the residence Carter shared with her husband, Bobby, to notify them their residence was being seized pursuant to Texas Code of Criminal Procedure chapter 59. Because the front door was padlocked, former HCSO Sergeant Charles Daigle indicated he and his partner, Sergeant Mark Vincent, knocked on the back door of the residence and announced they were law enforcement. Sergeant Daigle and Sergeant Vincent, testified that when Carter answered the door, they explained they were there to seize the house and property.

Sergeant Vincent stated the back door of the residence went straight into the master bedroom, and when Carter opened the door, Sergeant Daigle noticed the "distinct smell of burnt marijuana" leading him to believe someone smoked marijuana in the home recently. Sergeant Vincent also testified he smelled the strong

2

odor of burnt marijuana coming from the residence. When the officers spoke with Bobby, one of them asked "[w]here is the dope?" Sergeant Daigle testified that after Bobby responded, they entered the residence and observed illegal narcotics, specifically methamphetamine and marijuana, in various places in the master bedroom in plain sight. They conducted a presumptive field test of the items, which revealed the presence of methamphetamine. The officers found the meth-amphetamine packaged in four small plastic baggies inside a red and white cigarette box on a nightstand in the master bedroom. When asked if the cigarette box was in plain view, Sergeant Daigle responded "yes, . . . behind the lamp[.]" The marijuana was packaged in two larger plastic bags. In addition to narcotics, officers found two digital scales in the master bedroom near the drugs.

Minh Nguyen testified as the State's expert. Nguyen is a DPS chemist who tested the substances retrieved from Carter's residence. Nguyen described the tests he conducted, and he confirmed the substance from the four small bags tested positive for methamphetamines. Nguyen indicated the net weight was 1.75 grams.

After the State rested, the defense moved for an instructed verdict of not guilty asserting the State failed to present evidence of care, custody, control, or knowledge, and there was no affirmative link between Carter and the drugs. The trial court denied the motion for instructed verdict. The jury convicted Carter of the lesser-

3

included offense of possession of a controlled substance in an amount greater than one gram but less than four grams. The trial judge sentenced Carter to ten years in TDCJ but placed her on probation for a period of ten years.

## Standard of Review

On appeal, Carter argues the trial court improperly denied her motion for instructed verdict. We review a trial court's denial of a motion for directed verdict as a challenge to the legal sufficiency of the evidence. *See Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996) (citing *Cook v. State*, 858 S.W.2d 467, 470 (Tex. Crim. App. 1993)); *Andrus v. State*, 495 S.W.3d 300, 304 (Tex. App.— Beaumont 2016, no pet.). Upon a claim of legal insufficiency of the evidence, we review the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Brooks v. State*, 323 S.W.3d 893, 899, 912 (Tex. Crim. App. 2010); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). In a legal sufficiency review, we examine all evidence in the record, direct and circumstantial, whether admissible or inadmissible. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). The jury is the sole judge of the witnesses' credibility and weight given to their testimony, and we will defer to the jury on those matters. *See Tate v. State*, 500

4

S.W.3d 410, 413 (Tex. Crim. App. 2016). Juries may draw multiple reasonable inferences so long as each inference is supported by the evidence presented at trial. *Id*.

## Analysis

To establish its case for possession of a controlled substance, the State must prove Carter exercised care, control, or management over the methamphetamine and knew the substance was methamphetamine. *See* Tex. Health & Safety Code Ann. §§ 481.002(38) (West 2017); 481.115(a); *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005), *abrogated on other grounds by Robinson v. State*, 466 S.W.3d 166, 173 & n.32 (Tex. Crim. App. 2015). The evidence must show the defendant's connection with the drug was more than just fortuitous, which is the "affirmative links" rule. *Poindexter*, 153 S.W.3d at 405–06; *Nixon v. State*, 928 S.W.2d 212, 215 (Tex. App.—Beaumont 1996, no pet.). In cases where a defendant does not have exclusive possession of the place where the controlled substance is discovered, additional facts beyond mere presence must link her to the illegal substance. *Tate*, 500 S.W.3d at 413–14. The State is not required to prove exclusive possession of the contraband as control may be jointly exercised by more than one person. *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985).

Some factors courts consider when determining the establishment of affirmative links include:

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006); *see also Tate*, 500 S.W.3d at 414. "It is . . . not the number of links that is dispositive, but rather the logical force of all the evidence, direct and circumstantial." *Evans,* 202 S.W.3d at 162.

Looking to the "affirmative links" factors, Carter shared the home with her husband and was in the home when the officers entered and searched the home. The methamphetamine was found in a cigarette box in plain view on the nightstand of the master bedroom she shared with her husband. The methamphetamine was packaged in small plastic bags. Digital scales and small plastic bags were found in the master bedroom near the methamphetamine, which officers indicated were often

6

used to weigh and package narcotics to sell. In addition to the methamphetamine, marijuana was found in Carter's home, and officers smelled a strong odor of burnt marijuana when Carter opened the door. The logical force of the evidence establishes an affirmative link between Carter and the methamphetamine. *See id.* Moreover, the State is not required to establish Carter had exclusive possession of the methamphetamine. *See McGoldrick*, 682 S.W.2d at 578.

When viewing the evidence in the light most favorable to the jury's verdict, we determine the evidence is sufficient for a rational fact finder to conclude beyond a reasonable doubt Carter knowingly possessed methamphetamine. *See* Tex. Health & Safety Code Ann. §§ 481.102(6); 481.115(a); *Brooks*, 323 S.W.3d at 912. The trial court did not err in denying Carter's motion for instructed verdict. We overrule her sole issue.

**Conclusion**

We conclude the evidence was legally sufficient to support the jury's verdict convicting Carter of possession of a controlled substance. Accordingly, the trial court did not err in denying Carter's motion for instructed verdict. Although we affirm the trial court's judgment, we determine it should be reformed. The trial court's judgment incorrectly states Carter was convicted of possession of a controlled substance with intent to deliver in an amount of one gram or more but less

than four grams in violation of Texas Health and Safety Code section 481.112. *See* Tex. Health & Safety Code Ann. § 481.112(a). The trial court's judgment further indicates the offense was a second-degree felony. *See id* § 481.112(c). However, the jury convicted Carter of the lesser-included offense of possession of a controlled substance, specifically methamphetamine, in an amount of one gram or more but less than four grams in violation of Texas Health and Code section 481.115, which is a third-degree felony. *See id.* § 481.115(a), (c). This Court has the authority to reform the trial court's judgment to correct clerical errors. *See Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). Therefore, we delete "WITH INTENT TO DELIVER" from the section of the judgment entitled "Offense for which Defendant Convicted" and leave "POSSESSION OF A CONTROLLED SUBSTANCE PG1 ONE GRAM OR MORE BUT LESS THAN FOUR GRAMS[.]" We further delete "2ND DEGREE FELONY" from the section of the judgment entitled "Degree of Offense" and substitute "3RD DEGREE FELONY." Finally, we delete "481.112" from the section entitled "Statute for Offense" and substitute "481.115[.]" We affirm the trial court's judgment as reformed.

AFFIRMED AS REFORMED.

_____
CHARLES KREGER
Justice

8

Submitted on August 21, 2018
Opinion Delivered November 7, 2018
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.